**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT WALSH | : | No. 3:22-CV-1163-JFS |
| | : | |
|     Plaintiff, | : | |
| | : | TRIAL BY JURY OF |
|     v. | : | TWELVE (12) DEMANDED |
| | : | |
| NORTHAMPTON COMMUNITY | : | |
| COLLEGE, ET AL., | : | |
|     Defendants. | : | |

**BRIEF OF DEFENDANTS, NORTHAMPTON COMMUNITY COLLEGE**
**AND KAREN ANGENY, IN SUPPORT OF THEIR**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT, WITH PREJUDICE,**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

BY:   Respectfully submitted,

    /s/*Jody A.Mooney*
    John E. Freund, III, Esq.
    Attorney ID # 25390
    jef@kingspry.com
    Jody A. Mooney, Esquire
    Attorney I.D. #87418
    One West Broad Street, Suite 700
    Bethlehem, Pennsylvania 18018
    *Attorneys for Defendant,*
    *Northampton Community College &*
    *Karen Angeny*

{01063325}

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF CASES AND AUTHORITIES…………………………………….iv

PROCEDURAL AND FACTUAL HISTORY…………………………………1

QUESTION PRESENTED…………………………………………………....4

LEGAL STANDARD OF REVIEW FOR A FEDERAL RULE OF CIVIL
      PROCEDURE 12(B)(6) MOTION TO DISMISS……..…………………5

LEGAL ARGUMENT………………………………………………………..7

    A. MOVING DEFENDANTS' MOTION TO DISMISS COUNT
       ONE OF PLAINTIFF'S COMPLAINT, TITLE IX, PURSUANT
       TO FED.R.CIV.P. 12(b)(6) – FAILURE TO STATE A CLAIM
       UPON WHICH RELIEF CAN BE GRANTED, SHOULD BE
       GRANTED……………………………………………………………7

    B. MOVING DEFENDANTS' MOTION TO DISMISS COUNT
       TWO-AMERICANS WITH DISABILITIES ACT OF 1990 AND
       COUNT THREE – SECTION 504 OF THE REHABILITATION
       ACT OF 1973 OF PLAINTIFF'S COMPLAINT, PURSUANT TO
       FED.R.CIV.P. 12(b)(6) – FAILURE TO STATE A CLAIM UPON
       WHICH RELIEF CAN BE GRANTED, SHOULD BE GRANTED…14

    C. MOVING DEFENDANTS' MOTION TO DISMISS COUNT
       FOUR - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
       AND COUNT FIVE – INTENTIONAL INFLICTION OF
       EMOTIONAL DISTRESS OF PLAINTIFF'S COMPLAINT,
       PURSUANT TO FED.R.CIV.P. 12(b)(6) – FAILURE TO STATE
       A CLAIM UPON WHICH RELIEF CAN BE GRANTED,
       SHOULD BE GRANTED…………………………………………18

D. MOVING DEFENDANTS' MOTION TO DISMISS COUNT
   SIX-BREACH OF CONTRACT OF PLAINTIFF'S COMPLAINT,
   PURSUANT TO FED.R.CIV.P. 12(b)(6) – FAILURE TO STATE
   A CLAIM UPON WHICH RELIEF CAN BE GRANTED, SHOULD
   BE GRANTED…………………………………………………………21

CONCLUSION…………………………………………………………...22

CERTIFICATE OF WORD COUNT……………………………………….23

CERTIFICATE OF NON-CONCURRENCE…………………………….24

CERTIFICATE OF SERVICE……………………………………………25

# TABLE OF CASES AND AUTHORITIES

**PAGE**

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)……………………………………...5, 11

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)……………………….5

Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 77-78 (3d Cir. 1989)……………...13

Connelly v. Lane Constr. Corp., 809 F.3d 780……………………………………….6

CoreStates Bank v. Nat'l Ass'n v. Cutillo, 723 A.2d 1053, 1058………………...22
    (Pa. Super. Ct. 1999).

Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988)…………………20

Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 650 (1999)…………………10

Doe v. Phila. Cmty. Health Alt. AIDS Task Force, 745 A.2d 25, 27
    (Pa. Super. 2000)…………………………………………………………………...19

Doug Grant, Inc. v. Great Bay Casino Corp., 232 F.3d 173,……………………….6
    183-184 (3d Cir. 2000)

Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3$^d$ Cir. 2009)……………………5

Gebser v. Largo Vista Independent School District, 524 U.S. 274 (1998)……. 9,10

Gjeka v. Delaware Cty. Comm. College, Civ. No. 12-4548 (May 24, 2013)…….21

Imboden v. Chowns Commc'ns, 182 F. Supp. 2d 453 (E.D. Pa. 2002)………….20

Kasteleba v. Judge, 325 F.App'x 153, 156 (3d Cir. 2009)………………………12

Kaymark v. Bank of Am., N.A., 783 F.3d 168, 182 (3d Cir. 2015)……………….21

Mantua Cmty. Planners v. City of Phila., 2016 WL 3227643
    (E.D. Pa. June 13, 2016)……………………………………………………………19

Nungesser v. Columbia Univ., 244 F.Supp.3d, 345, 367 (S.D.N.Y. 2017)………...7

Omicron Sys., Inc. v. Weiner, 860 A.2d 554, 564 (Pa. Super. Ct. 2004)…………21

Turner v. Hershey Chocolate U.S., 440 F.3d 604, 611 (3d Cir. 2006)……………15

**STATUTES**

Fed.R.Civ.P. 12(b)(6)……………………………………1, 4, 5, 6, 13, 17, 20, 22

42 U.S.C. Section 12101……………………………………………………1, 14

42 Pa.C.S. §5524……………………………………………………...12, 17

20 U.S.C. Section 1681………………………………………………………….8

## I.    <u>PROCEDURAL AND FACTUAL HISTORY</u>

Plaintiff, Robert Walsh (hereinafter referred to as "Plaintiff"), instituted a cause of action against Northampton Community College and Karen Angeny (hereinafter referred to as "Moving Defendants")[1] by filing a Complaint with this Honorable Court on July 27, 2022. In Plaintiff's Complaint, Plaintiff brings the following causes of action against Moving Defendants:

| | |
|---|---|
| *Count One:* | *Title IX of the Education Act Amendments of 1972;* |
| *Count Two:* | *Americans with Disabilities Act of 1990 (42 U.S.C. § 12101);* |
| *Count Three:* | *Section 504 of the Rehabilitation Act of 1973;* |
| *Count Four:* | *Negligent Infliction of Emotional Distress;* |
| *Count Five:* | *Intentional Infliction of Emotional Distress;  and* |
| *Count Six:* | *Breach of Contract.* |

<u>See</u> Exhibit A.

Plaintiff's claims against Moving Defendants fail as a matter of law and therefore, Moving Defendants are entitled to a dismissal of Plaintiff's Complaint, with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6). Moving Defendants have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Said

---

[1] Plaintiff's Complaint also names Defendant, Leslie Gates, and "Doe" Defendants, 1-20. <u>See</u> Exhibit A.

Motion is currently pending before this Honorable Court for disposition. The within Brief is filed in support of said Motion.

By way of brief background, Moving Defendant, Northampton Community College (hereinafter individually referred to as "NCC"), is a public community college, which receives federal funding, located in Pennsylvania with campuses Bethlehem, Northampton County, PA and Tannersville, Monroe County, PA. NCC provides educational services to more than 20,000 students per year in both credit and non-credit programs, and grants degrees, certificates and diplomas in more than 100 fields.

One of the programs offered by NCC is the Certified Driver's License (hereinafter referred to as "CDL") program, a classroom and hands-on instruction course that provides students with practical and personalized instruction, as well as "behind-the-wheel" driving hours, so that students can become both Class A and Class B commercial truck drivers. Class A and Class B commercial truck drivers are governed by the United States Department of Transportation's Federal Motor Carrier Safety Administration (hereinafter referred to as "FMCSA").

Plaintiff claims that, *inter alia*, while he was a student in NCC's CDL training program for a Class A commercial driver's license, he was subject to ". . . sexual harassment and discrimination . . . on the basis of him being a man . . . ." See Exhibit A, at Paragraph 65. Plaintiff claims that the alleged sexual harassment was inflicted

{01061997}                                    2

by his CDL training instructor, Defendant, Leslie Gates, who was an employee of NCC.  See Exhibit A, at Paragraph 38.  Plaintiff claims that he ". . . suffered damages by expending significant time and resources attempting to obtain an education at NCC."  See Exhibit A, at Paragraph 56.

Plaintiff began taking CDL classroom courses on March 2, 2020; however, he alleges that, approximately one (1) month prior to that time, namely on February 4, 2020, he was diagnosed with:

1)  *Chronic Post-Traumatic Stress Disorder ("PTSD");*

2)  *Panic Disorder with Agoraphobia; and*

3)  *An Episode of Recurrent Major Depressive Disorder.*[2]

See Exhibit A, at Paragraph 13.  Plaintiff claims that the PTSD:

> *Leads to flashbacks, nightmares, and severe anxiety, as well as uncontrollable thoughts.  This makes the performance of daily tasks such as sleeping and working difficult.*

See Exhibit A, at Paragraph 15.[3]

Plaintiff claims that Moving Defendant, Karen Angeny (hereinafter referred to individually as "Ms. Angeny") was employed by NCC as the Acting Lead Title IX Coordinator.  See Exhibit A, at Paragraph 4.  Plaintiff further claims that Ms.

---

[2] Moving Defendants submit that this Honorable Court can take judicial notice from the Diagnostic and Statistical Manual Version 5 ("DSM 5") of the clinical definitions of this psychiatric/mental conditions.

[3] In Paragraph 15 of Plaintiff's Complaint, Plaintiff claims that, "On June 9, 2021, Plaintiff's treatment plan for his generalized anxiety disorder was added to Defendants' file."  See Exhibit A, at Paragraph 15. This allegation is completely nonsensical as Plaintiff voluntarily withdrew from NCC, per his own admission, at the end of July, 2020. See Exhibit A, at Paragraph 53.

Angeny is a named Defendant in this case, ". . . on the grounds . . . [she was an employee] of NCC at all relevant times herein and ***personally*** violated certain rights and policies, the effects of which were felt in the State of Pennsylvania." See Exhibit A, at Paragraph 10.  (emphasis added by Moving Defendants on "personally").

NCC cannot be liable to Plaintiff under any of the "theories" set forth by Plaintiff in his Complaint and as such, NCC should immediately be dismissed from Plaintiff's Complaint with prejudice.  Likewise, Ms. Angeny cannot be liable to Plaintiff under any of the "theories" set forth by Plaintiff in his Complaint and as such, Ms. Angeny should immediately be dismissed from Plaintiff's Complaint with prejudice.[4]

As will be set forth in greater detail below, Plaintiff's claims, in their entirety, against Moving Defendants fail as a matter of law, and therefore, Moving Defendants' Motion to Dismiss should be granted in its entirety.

## II.   QUESTION PRESENTED

**SHOULD MOVING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) BE GRANTED, AND PLAINTIFF'S COMPLAINT AND ALL COUNTS CONTAINED THEREIN BE DENIED AND DISMISSED WITH PREJUDICE, AS PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

***SUGGESTED ANSWER:       YES.***

---

[4] Although Plaintiff's caption names Ms. Angeny "in her capacity as Interim Title IX Coordinator), Plaintiff's Complaint claims Ms. Angeny acted personally.  As an employee of NCC, Ms. Angeny cannot be personally liable to Plaintiff in any way and for that reason alone, Ms. Angeny should be immediately dismissed from this case, with prejudice.

### III.   LEGAL STANDARD OF REVIEW FOR A FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) states that a defendant is entitled to a dismissal of a plaintiff's complaint when a plaintiff "fails to state a claim upon which relief can be granted." See Fed.R.Civ.P. 12(b)(6).  In order for a plaintiff to survive a defendant's motion to dismiss, a plaintiff's complaint must contain sufficient factual information, accepted as true for purposes of the motion, to "state a claim to relief that is plausible on its face."  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The test for "facial plausibility" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679. However, most importantly, where a plaintiff alleges facts "that are merely consistent with a defendant's liability," a plaintiff "stops short of the line between possibility and plausibility of entitlement to relief."  Id. at 678, *citing* Twombly, at 557.

Further, while a reviewing court generally accepts a plaintiff's allegations as true in reviewing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), said reviewing court is not required to accept legal conclusions as true. Id., See also, Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3$^d$ Cir. 2009).  Likewise, the reviewing court need not "ignore or discount reality" when making its determination and need not "accept as true unsupported conclusions and

unwarranted inferences."  See Doug Grant, Inc. v. Greate Bay Casino Corp., 232

F.3d 173, 183-184 (3d Cir. 2000).

Therefore, the reviewing court often asks the following three (3) questions in

determining whether to grant a defendant's motion to dismiss:

> i)    What are the elements the plaintiff must plead to state a
>       valid claim?
>
> ii)   What are the allegations that, because they are no more than
>       mere conclusions of law, are not entitled to an assumption of
>       truth?
>
> iii)  If there are "well-plead" facts, do they plausibly give rise to a
>       legal entitlement to relief?

See Connelly v. Lane Constr. Corp., 809 F.3d 780.

Moving Defendants respectfully aver that the above-referenced standard of

review is applicable to all of the Counts in Plaintiff's Complaint as this Honorable

Court reviews Moving Defendants' Motion to Dismiss.  For the reasons set forth

below, this Honorable Court should deny and dismiss Plaintiff's Complaint in its

entirety, with prejudice.

## IV.   LEGAL ARGUMENT

### A. MOVING DEFENDANTS' MOTION TO DISMISS COUNT ONE OF PLAINTIFF'S COMPLAINT, TITLE IX, PURSUANT TO FED.R.CIV.P. 12(b)(6) – FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, SHOULD BE GRANTED.

In Count One of Plaintiff's Complaint, Plaintiff makes a claim under Title IX of the Education Act Amendments of 1972 regarding the conduct he claims Defendants Gates inflicted upon him.  See Exhibit A, at Section V – Causes of Action, Page 12. Plaintiff generally claims, *inter alia*,  that "NCC had 'actual knowledge of Gates' gender-based harassment and discrimination due to students' previous complaints and Plaintiff's Title IX complaint."  Id. at Paragraph 66. Plaintiff has failed to provide any additional information and/or documentation to support his conclusory statement that there were ***any*** previous complaints reported to NCC regarding Defendant Gates.

Interestingly, Plaintiff claims that, on August 4, 2020, he requested a Title IX investigation.[5]  See Exhibit A, at Paragraph 54. Further, thereafter, on

---

[5] Importantly, Plaintiff admitted that he voluntarily withdrew from NCC's CDL program at the end of July, 2020. See Exhibit A, at Paragraph 53.  Plaintiff was not even a student at NCC when he filed his Title IX claim on August 4, 2020, which raises the question of whether Plaintiff even has standing to bring this lawsuit.  Regardless, Courts have held that damages are not recoverable in a Title IX case unless a Plaintiff can demonstrate that the claimed harassment ". . . has a concrete, negative effect on the plaintiff's ability to receive an education."  See, *generally*, Nungesser v. Columbia Univ., 244 F.Supp.3d, 345, 367 (S.D.N.Y. 2017).  Assuming, *arguendo*, that Plaintiff's claim survives Moving Defendants' Motion to Dismiss, Moving Defendants submit that Plaintiff will be unable to prove damages as a matter of law, given his voluntarily withdraw from the program before raising any claim.

September 14, 2020, Plaintiff claims, Defendant Angeny found that Defendant

Gates had violated

> College Policy 2.05 Title IX of the Education Amendments
> Act of 1972 and Title VI of the Civil Rights Act of 1964 –
> Discrimination, Harassment, and Sexual Misconduct Policy.

See Exhibit A, at Paragraph 55.

Plaintiff did not attach a copy of Defendant Agneny's Title IX investigation

findings to his Complaint. <u>See</u> Exhibit A. ***<u>Regardless, Plaintiff's admission that</u>***

***<u>Ms. Angeny made a finding that Defendant Gates violated NCC's Title IX and</u>***

***<u>Title VI policies, as noted in Paragraph 30 above, completely negates Plaintiff's</u>***

***<u>Title IX claim herein.</u>***  (emphasis added). This reason alone is sufficient for this

Honorable Court to dismiss Plaintiff's Title IX claim, with prejudice; however,

Moving Defendants contend that Plaintiff makes numerous conclusory allegations

in his Complaint in a feeble attempt to try and support a meritless Title IX claim.

This Honorable Court should not accept the same.

Title IX of the Education Amendments of 1972 prohibits sexual

discrimination in any form, including gender discrimination. Specifically, Title IX

provides that,

> "[no] person in the United States shall, on the basis of sex, be
> excluded
> from participation in, be denied the benefits of, or be subjected to
> discrimination

under any education program or activity receiving Federal financial assistance.[6]"

See 20 U.S.C. Section 1681(a).

Pursuant to Gebser v. Largo Vista Independent School District, 524 U.S. 274 (1998), a plaintiff may not recover damages against an entity that receives federal funding unless an official of said entity, who at a minimum has authority to institute corrective measures on the entity's behalf, has ***actual notice of, and is deliberately indifferent to***, the improper actions of one of its employees.

Notably, Title IX claims apply to entities, not individuals. As such, Ms. Angeny cannot be sued directly under a Title IX claim.[7]

Plaintiff claims that Moving Defendants "lack[ed] due care" in their Title IX investigation for a variety of reasons, including an unsupported allegation that NCC failed to interview staff and students regarding Plaintiff's allegations. However, as noted above, Ms. Angeny did conduct an investigation and make a finding that Defendant Gates violated NCC policies. See Exhibit A, at Paragraph 54-55. ***Plaintiff's claim that Moving Defendants "lack[ed] due care" in their investigation is completely nonsensical insofar as there was a finding that Defendant Gates violated NCC policies.*** (emphasis added).

---

[6] Notably, since Title IX only pertains to "any education program or activity receiving Federal financial assistance," Moving Defendant, Ms. Angeny, cannot be liable to Plaintiff under Title IX as a matter of law.

[7] As noted above, Plaintiff stated that Ms. Angeny acted personally. She cannot be held personally liable for under any "theory," including the Title IX claim.

Further, Plaintiff does not claim that Moving Defendants acted with "deliberate indifference," which is a necessary element in a Title IX claim. Specifically, in order for a defendant to be liable under a Title IX theory of recovery, the defendant,

> . . . must have actual knowledge of conduct that is so severe, pervasive, and objectively offensive that it deprived the victim of access to the educational opportunities or benefits of the school.

See Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 650 (1999).

Notably,

> . . . *__it is not enough that a defendant knew or should have known of [the alleged discrimination], but rather a plaintiff claiming such discrimination must establish ACTUAL knowledge on the part of the defendant.__*

Id. at 642. (emphasis added).

There simply is no evidence of **"*_actual_*"** notice in this case.

Further, Federal Courts have defined "deliberate indifference" as the requirement that a response to a Title IX complaint, or a blatant failure to respond, " . . . is clearly unreasonable in light of the known circumstances . . ." See Gebser, *supra*. In order to demonstrate a defendant acted with deliberate indifference, a plaintiff must show that a defendant "knew about the plaintiff's harassment and failed to respond adequately." Id. As noted above, here there was an investigation and a response that found Defendant Gates violated NCC's policies. As a result, there can be no "deliberate indifference" as a matter of law.

On August 4, 2020, Plaintiff made his claim, NCC investigated it, and on September 14, 2020, Ms. Angeny issued a finding that Defendant Gates had violated NCC policies. Stated differently, the Moving Defendants herein did everything they were supposed to do when they received Plaintiff's claim.

Concisely, Plaintiff has failed to provide ___*any*___ support for the blatantly vague, ambiguous, and overreaching allegations set forth in Count One of the Complaint. To the contrary, several of Plaintiff's allegations confirm that Moving Defendants acted appropriately in investigating, and responding to, Plaintiff's claim upon receipt.

Plaintiff's cause of action is also time-barred under the applicable statute of limitations and as such, Plaintiff cannot recover as a matter of law. In Plaintiff's Complaint, Plaintiff claims that, ___*on July 24, 2020*___, he ". . . started the driving portion of his classes with instructor, Defendant Gates." <u>See</u> Exhibit A, at Paragraph 37.

Plaintiff immediately thereafter claims that Defendant Gates exhibited the following inappropriate behaviors[8]:

    a. Unwelcome sexual or gender-based verbal, written, and physical

---

[8] Most of the alleged inappropriate behaviors Plaintiff claims Defendant Gage engaged in do not rise to the level of Title IX violations. Further, as noted in <u>Ashcroft v. Iqbal</u>, several of the above alleged inappropriate behaviors are merely conclusory statements without any facts to support them. For example, Plaintiff claims in paragraph a that Defendant Gates engaged in "unwelcome sexual or gender-based verbal, written, and physical conduct," but Plaintiff does not provide examples of the same. <u>See</u> Exhibit A, at Paragraph 38. Likewise, in paragraph c, Plaintiff claims that Defendant Gates made "comments or statements that were demeaning, humiliating, suggestive, insulting, vulgar, crude and/or lewd," but, again, does not provide any examples of the same. <u>See</u> Exhibit A, at Paragraph 38. As such, the same are merely conclusory findings that are inappropriate under federal court pleading requirements.

conduct;

    b.  Sexualized language and/or jokes, such as comparing the truck's driving stick to male genitalia;

    c.  Comments or statements that were demeaning, humiliating, suggestive, insulting, vulgar, crude and/or lewd;

    d.  Often smoking cigarettes near Plaintiff and other students, as well as smoking in the cab of the trucks with Plaintiff and other students present while the windows were closed;

    e.  Offering to smoke cigarettes with Plaintiff; and

    f.  Making inferences that if Plaintiff did not condone his smoking, he would retaliate against Plaintiff by lowering his grade.

Plaintiff filed his Complaint against Moving Defendants on July 27, 2022.

See Exhibit A, See also, *generally*, Docket Entries. Plaintiff's Complaint was filed after the two (2) year Statute of Limitations applicable to Title IX claims. See 42 Pa.C.S. Section 5524.[9]

With regard to the applicable statute of limitations, in Pennsylvania,

> Any action to recover damages for injury to a person based on negligent, intentional, or otherwise tortious conduct must be commenced within two years of the occurrence of the injury.

See 42 Pa.C.S. 5524(7).

The Third Circuit has held that Pennsylvania's two (2) year statute of limitations applies to any action to recover damages under Title IX.  See Kasteleba

---

[9] This Statute of Limitations defense applies to some of Plaintiff's other claims in this matter.

v. Judge, 325 F.App'x 153, 156 (3d Cir. 2009), See also, Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 77-78 (3d Cir. 1989) (holding that the most analogous statute of limitations [for a Title IX claim] is Pennsylvania's two-year statute of limitations applicable to personal injury actions).

For purposes of the Statute of Limitations analysis in the case at bar, the following is helpful:

**Date of alleged incident as set forth in Paragraph 37:  July 24, 2020**

**Date suit instituted/Complaint filed:  July 27, 2022**

***Plaintiff's cause of action is barred by the two (2) year statute of limitations.***

Under Fed.R.Civ.P. 12(b)(6), this Honorable Court is permitted grant Moving Defendants' Motion and dismiss Count One of Plaintiff's Complaint, in its entirety, with prejudice, since Plaintiff has "failed to state a claim upon which relief can be granted."  See Fed.R.Civ.P. 12(b)(6). Therefore, for the foregoing reasons, Count One of Plaintiff's Complaint, wherein Plaintiff seeks damages under Title IX, should be denied and dismissed with prejudice.

**B. <u>MOVING DEFENDANTS' MOTION TO DISMISS COUNT TWO –AMERICANS WITH DISABILITIES ACT OF 1990 AND COUNT THREE – SECTION 504 OF THE REHABILITATION ACT OF 1973 OF PLAINTIFF'S COMPLAINT, PURSUANT TO FED.R.CIV.P. 12(b)(6) – FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, SHOULD BE GRANTED.</u>**

Plaintiff has failed to establish a *prima facie* case under the American with Disabilities Act and the Rehabilitation Act of 1973, and therefore, both Counts Two and Three of Plaintiff's Complaint should be dismissed.

The Americans with Disabilities Act (hereinafter referred to as "ADA") is a comprehensive civil rights law enacted, "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." <u>See</u> 42 U.S.C. § 12101(b)(1). Title II of the ADA provides that, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

An entity discriminates against an individual on the basis of disability when, *inter alia*, it does "not mak[e] reasonable accommodations to the **_known_** physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the] entity." <u>See</u> 42 U.S.C. § 12112(b)(5)(A) (emphasis added). Reasonable

accommodations may include ". . . appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." See  42 U.S.C. § 12111(9). In order to establish a *prima facie* case of disability discrimination under the ADA, [the plaintiff] must establish that he (1) has a 'disability,' (2) is a 'qualified individual,' and (3) has suffered an adverse action because of that disability."  See Turner v. Hershey Chocolate U.S., 440 F.3d 604, 611 (3d Cir. 2006).

Similarly, Section 504 of the Rehabilitation Act of 1973 (hereinafter referred to as "Section 504") is a national law that protects qualified individuals from discrimination based on their disability. The nondiscrimination requirements of the law apply to employers and organizations that receive financial assistance from any Federal department or agency.  Section 504 protects qualified individuals with disabilities. Under this law, individuals with disabilities are defined as persons with a physical or mental impairment which substantially limits one or more major life activities.

Plaintiff has failed to meet his burden under both the ADA and Section 504. Plaintiff has failed to show that he:

1) Has a disability;

2) That he qualifies under the ADA and Section 504; and

3) That he suffered adverse action by Moving Defendants because of an alleged disability.  Plaintiff has failed to show that he requested any sort of accommodation.  Also, Plaintiff has failed to produce any medical information whatsoever to support his bald claims.

Rather, to the contrary, Plaintiff admitted he attended the classroom instructional portion of the CDL course, passed all written classroom exams, and obtained all required permits.  See Exhibit A, at Paragraphs 27-28.

Again, in an effort to try and make baseless theories against Moving Defendants, Plaintiff makes unsupported conclusory claims stating that he has significant psychiatric/mental conditions of PTSD, Panic Disorder with Agoraphobia, and an Episode of Recurrent Major Depressive Disorder. See Exhibit A, at Paragraph 14.  He claims his PTSD leads to "flashbacks, nightmares, and severe anxiety, as uncontrollable thoughts.  See Exhibit A, at Paragraph 15.

Plaintiff should be cautioned about pleading these claims so cavalierly.  The United States Department of Transportation's Federal Motor Carrier Safety Administration, which oversees Commercial Drivers' Licenses throughout the United States, has stringent regulations governing both the medical and psychological conditions of current and prospective CDL drivers, who are required to have regular medical examinations and drug testing.  See, generally, https://www.fmsca.dot.gov.  The federal government may ban current and

prospective CDL drivers if they have a serious condition that could affect their ability to safely operate an 18-wheel truck weighing upwards of 50,000 pounds or more.  Id.

Further, Plaintiff's ADA and Section 504 claims are time-barred.  Plaintiff is not clear in his filing what title of the ADA his claim is made; however, even assuming the following various timelines that can apply, the Plaintiff's claim would be barred:

1) 180 days from the alleged discrimination to file a claim with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC");

2) 300 days from the alleged discrimination to file a claim with an equivalent state agency; or

3) Two (2) years under 42 Pa.C.S. Section 5524, discussed above.

Accordingly, given the reasons set forth above, Plaintiff has failed to state claims under which relief can be granted under the ADA and Section 504; therefore, Moving Defendants Motion pursuant to Fed.R.Civ.P. 12(b)(6) should be granted and Plaintiff's claims should be denied and dismissed with prejudice.

**C. <u>MOVING DEFENDANTS' MOTION TO DISMISS COUNT FOUR - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND COUNT FIVE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OF PLAINTIFF'S COMPLAINT, PURSUANT TO FED.R.CIV.P. 12(b)(6) – FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, SHOULD BE GRANTED.</u>**

In Counts Four and Five of Plaintiff's Complaint, Plaintiff makes claims for Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress, respectively.  <u>See</u> Exhibit A, at Counts Four and Five.  At the outset, as referenced above, Counts Four and Five of Plaintiff's Complaint are time-barred under 42 Pa.C.S. 5524(7).  Both claims for negligent infliction of emotional distress and intentional infliction of emotional distress fall under Pennsylvania's two (2) year time bar.

Assuming, *arguendo*, this Honorable Court did not dismiss Counts Four and Five as untimely, Plaintiff has nonetheless failed to properly plead claims under these theories of recovery.

In order raise a claim for Negligent Infliction of Emotional Distress (hereinafter referred to as "NIED") under Pennsylvania law, a plaintiff must demonstrate one of the following four factual scenarios:

(1) the defendant owed a fiduciary duty toward the plaintiff;

(2) the plaintiff suffered a physical injury that caused emotional distress;

(3) the plaintiff was in the "zone of danger" of the defendant's tortious

conduct; or

(4) the plaintiff witnessed a serious injury to a close family member."

See Doe v. Phila. Cmty. Health Alt. AIDS Task Force, 745 A.2d 25, 27 (Pa. Super. 2000).

Plaintiff has not properly plead any of these claims and he has no evidence to support any of these claims.  Instead, Plaintiff generally states that "Defendants' actions caused Plaintiff emotional distress and worsened his [alleged] PTSD, anxiety and asthma."  See Exhibit A, at Paragraph 98.   There is simply no proper evidence submitted by Plaintiff to support these meritless claims.

To sustain an Intentional Infliction of Emotional Distress (hereinafter referred to as "IIED") claim under Pennsylvania law, a plaintiff must show that a defendant's conduct was:

(1) extreme or outrageous;

(2) intentional or reckless; and

(3) caused severe emotional distress to another.

See, generally, Mantua Cmty. Planners v. City of Phila., 2016 WL 3227643 (E.D. Pa. June 13, 2016).  Again, Plaintiff has failed to plead any of these claims or offer any proof of the same.

For a plaintiff to recover under an IIED claim, the alleged conduct ". . . must be so outrageous in character, and so extreme in degree, as to go beyond all

possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."  See Imboden v. Chowns Commc'ns, 182 F. Supp. 2d 453 (E.D. Pa. 2002) (quoting Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988).  It is unconscionable for Plaintiff to think that Moving Defendant's actions were so "atrocious" and/or "utterly intolerable in a civilized society."

To the contrary, Moving Defendants actions were completely and utterly appropriate, as Plaintiff himself acknowledges in his Complaint.  As noted previously, Plaintiff made his claim on August 4, 2020.  See Exhibit A, at Paragraph 54.  The claim was investigated, and Ms. Angeny issued a finding on September 14, 2020 stating that Defendant Gates violated NCC's policies.  Id. at Paragraph 55.  These Moving Defendants' actions of investigating Plaintiff's claim and issuing a finding that actually stated there were violations of NCC's policies by Defendant Gates, cannot possibly be deemed "extreme or outrageous" or "intentional or reckless" to warrant an IIED claim.  In fact, it is utterly nonsensical that Plaintiff would raise such a claim given the findings of Ms. Angeny on September 14, 2020.

Accordingly, given the reasons set forth above, Plaintiff has failed to state claims under which relief can be granted under NIED and/or IIED; therefore, Moving Defendants Motion pursuant to Fed.R.Civ.P. 12(b)(6) should be granted and Plaintiff's claims should be denied and dismissed with prejudice.

**D. <u>MOVING DEFENDANTS' MOTION TO DISMISS COUNT SIX –
BREACH OF CONTRACT OF PLAINTIFF'S COMPLAINT,
PURSUANT TO FED.R.CIV.P.  12(b)(6) – FAILURE TO STATE A
CLAIM UPON WHICH RELIEF CAN BE GRANTED, SHOULD
BE GRANTED.</u>**

In Count Six of Plaintiff's Complaint, Plaintiff makes a claim for Breach of

Contract.  <u>See</u> Exhibit A, at Count Six.  Plaintiff's Breach of Contract claim fails

as a matter of law and therefore, it should be denied and dismissed with prejudice.

Specifically, Plaintiff generally claims that he entered into a contract with

NCC "by which NCC admitted Plaintiff into an NCC program under specified

terms."  <u>Id.</u> at Paragraph 111.  Plaintiff further claims that he accepted "NCC's

offer" and attended NCC according to the terms of the "agreement."  <u>Id.</u> at

Paragraph 112. Plaintiff does not provide a copy of the "agreement" he is

referencing and does not give any additional information about this alleged

agreement.

In order to sustain a claim for breach of contract, a plaintiff must prove:

(1) The existence of a contract, including its essential terms;

(2) A breach of a duty imposed by the contract; and

(3) Resultant Damages.

<u>See Kaymark v. Bank of Am., N.A.</u>, 783 F.3d 168, 182 (3d Cir. 2015) (*quoting*

<u>Omicron Sys., Inc. v. Weiner</u>, 860 A.2d 554, 564 (Pa. Super. Ct. 2004), <u>See also</u>,

*generally*, <u>Gjeka v. Delaware Cty. Comm. College</u>, Civ. No. 12-4548 (May 24,

2013), *citing* CoreStates Bank v. Nat'l Ass'n v. Cutillo, 723 A.2d 1053, 1058 (Pa.

Super. Ct. 1999).

Throughout Count Six, Plaintiff makes generalizations about alleged

requirements under NCC's "Discrimination, Harassment, and Sexual Misconduct

Policy."  Id. at Paragraphs 114, 116-117.  Plaintiff once again makes blanket

statements without factual support and does not specify what alleged "contract"

was violated by NCC.  As noted above repeated times, NCC promptly investigated

Plaintiff's claim and issued timely findings, approximately five (5) weeks later,

that Defendant Gates' violated NCC's policies.  To infer that Moving Defendants

somehow breached a contract with him is disingenuous and lacks legal support.

Accordingly, given the reasons set forth above, Plaintiff has failed to state

claims under which relief can be granted for an alleged breach of contract;

therefore, Moving Defendants Motion pursuant to Fed.R.Civ.P. 12(b)(6) should be

granted and Plaintiff's claims should be denied and dismissed with prejudice.

## V. <u>CONCLUSION</u>

Based on the foregoing, Moving Defendants, Northampton Community

College and Karen Angeny, respectfully request that their Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted and that Plaintiff's

Complaint against them be denied and dismissed, with prejudice.

Respectfully submitted,

/s/*Jody A.Mooney*
John E. Freund, III, Esq.
Attorney ID # 25390
jef@kingspry.com
Jody A. Mooney, Esquire
Attorney I.D. #87418
One West Broad Street, Suite 700
Bethlehem, Pennsylvania 18018
*Attorneys for Defendant,*
*Northampton Community College &*
*Karen Angeny*

Date: October 18, 2022

## <u>CERTIFICATE OF WORD COUNT</u>

The undersigned counsel for Moving Defendants, hereby certifies that according to Microsoft Word's word count feature, this Brief, excluding title page, signature blocks and attached certificates, contains 4,866 words.

Respectfully submitted,

*/s/Jody A. Mooney*
John E. Freund, III, Esq.
Attorney ID # 25390
Jody A. Mooney, Esq.
Attorney ID# 325722

Date: October 18, 2022

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

I certify that Plaintiff's counsel does not concur with this motion.


By:   */s/ Jody A. Mooney*
               John E. Freund, III, Esq.
               Attorney ID # 25390
               jef@kingspry.com
               Jody A. Mooney, Esq.
               Attorney ID# 325722
               One West Broad Street, Suite 700
               Bethlehem, Pennsylvania 18018
               Attorneys for Defendants


Date: October 18, 2022

## **CERTIFICATE OF SERVICE**

The undersigned attorney for Defendant hereby certifies that a true and correct copy of the foregoing document has been electronically filed and is available for viewing and downloading from the ECF system in accordance with the local Federal Rules of Civil Procedure and has been served electronically & regular mail upon the following on this day, October 18, 2022:

Mr. Leslie Gates
334 Hallet Road
East Stroudsburg, PA 18301
buddykeys2000@yahoo.com

Keith Altman, Esquire
The Law Office of Keith Altman
33228 West 12 Mile Road
Suite 375
Farmington Hills, MI 48334


DATE: October 18, 2022                    By: /s/ *John E. Freund, III.*
                                              John E. Freund, III., Esquire