# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WALSH | : | No. 3:22-CV-1163-JFS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | TRIAL BY JURY OF TWELVE |
| | : | (12) DEMANDED |
| NORTHAMPTON COMMUNITY | : | |
| COLLEGE, ET AL., | : | |
| Defendants. | : | |

### ANSWER OF DEFENDANTS, NORTHAMPTON COMMUNITY COLLEGE AND KAREN ANGENY, TO PLAINTIFF'S AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES, AND CROSSCLAIM PURSUANT TO FED.R.CIV.P. 13(g) AGAINST DEFENDANT, LESLIE GATES

### I.     INTRODUCTION

Defendants, Northampton County Community College (hereinafter referred to individually as "Answering Defendant, NCC") and Karen Angeny (hereinafter referred to individually as "Answering Defendant, Ms. Angeny"),[1] have been named as Defendants in a civil lawsuit filed by Plaintiff, Robert Walsh (hereinafter referred to as "Plaintiff"). Plaintiff's lawsuit also names Defendant, Leslie Gates, who was a former instructor at Answering Defendant, NCC, and "Does 1-20."[2]

Mr. Walsh is a former student in Answering Defendant, NCC's, Certified Drivers' License (hereinafter referred to as "CDL") program. Plaintiff attended

---

[1] Hereinafter, Answering Defendants, NCC and Ms. Angeny, will be referred to collectively as " Answering Defendants."

[2] On September 20, 2022, this Honorable Court issued an Order of Court granting the Motion of John E. Freund, III, Esquire, to Withdraw as Counsel for Defendants, Leslie Gates and Does 1-20, inclusive.

classroom instruction at Answering Defendant, NCC, in March 2020 and unfortunately shortly thereafter, like most institutions and businesses across the United States, Answering Defendant, NCC, was forced to close campus locations and cancel college courses in mid-March 2020 due to the impact of COVID-19.

When Answering Defendant, NCC, was able to reopen and resume its college courses in July 2020, following the formal lift of federal and state mandated COVID-19 restrictions, Plaintiff began the "behind-the-wheel" portion of his training, attended said training for only a couple of days, and then voluntarily withdrew from Answering Defendant, NCC's, CDL program. A couple of weeks after Plaintiff voluntarily withdrew, Plaintiff made "sexual harassment" allegations against Defendant, Leslie Gates. Plaintiff ultimately filed the within cause of action on July 27, 2022 by filing a Complaint with this Honorable Court.

On October 18, 2022, Answering Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6). In response to the Motion to Dismiss, Plaintiffs filed an Amended Complaint on November 1, 2022.[3] At this time, Answering Defendants, by and through their attorneys, *King, Spry, Herman, Freund & Faul, LLC*, respectfully file their Answer to Plaintiff's Amended

---

[3] Plaintiff's Complaint does not address the legal deficiencies set forth by Answering Defendants in their Motion to Dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6); however, Answering Defendants are nonetheless moving forward with an Answer with Affirmative Defenses and Crossclaim at this time instead of filing another Motion to Dismiss under Fed.R.Civ.P. 12(b)(6).

Complaint and assert Affirmative Defendants and a Crossclaim against Defendant, Leslie Gates, pursuant to Fed.R.Civ.P. 13(g), as follows:

## PARTIES

1.    Admitted.

2.    It is admitted that Answering Defendant, NCC, is a community college in the Commonwealth of Pennsylvania, with campuses located in Northampton County, Pennsylvania and Monroe County, Pennsylvania.  It is further admitted that Answering Defendant, NCC, is the recipient of federal funding.

3.    It is admitted that Answering Defendant, Ms. Angeny, is employed by Defendant, NCC.[4]  Plaintiff's characterization that Answering Defendant, Ms. Angeny, was employed as the "Acting Lead Title IX Coordinator" at all times relevant to this case is denied.

4.    The allegations contained in Paragraph 4 are directed to a Defendant other than Answering Defendants and therefore, no response is required by Answering Defendants.  To the extent a response would be deemed necessary, Answering Defendant, NCC, admits that Defendant, Leslie Gates (hereinafter referred to as "Defendant Gates") was an employee of Answering Defendant, NCC, but denies that Defendant Gates was an "agent" of Answering Defendant, NCC.

---

[4] As an individual working on behalf of Answering Defendant, NCC, Answering Defendant, Ms. Angeny, cannot be personally liable to Plaintiff.  Further, as Ms. Angeny is an individual, she is not subject to the Title IX regulations that pertain to school entities that receive federal funding.

5.      Denied.

## **JURISDICTION & VENUE[5]**

6.      Answering Defendants assert that Plaintiff has failed to state a claim upon which relief can be granted and therefore, Answering Defendants deny that this Honorable Court has subject matter jurisdiction in this case.

7.      Answering Defendants assert that Plaintiff has failed to state a claim upon which relief can be granted and therefore, Answering Defendants deny that this Honorable Court has supplemental jurisdiction in this case.

8.      It is admitted that Answering Defendant, NCC, is a community college located in the Commonwealth of Pennsylvania.

9.      Admitted in part and denied in part.   It is admitted that Answering Defendant, Ms. Angeny, was employed with Answering Defendant, NCC.   It is denied that Answering Defendant, Ms. Angeny, ". . . personally violated certain rights and policies, the effects of which were felt in the State of Pennsylvania."

10.     Answering Defendants assert that Plaintiff has failed to state a claim upon which relief can be granted and therefore, Answering Defendants deny that venue is proper in this Honorable Court.

---

[5] As set forth in Answering Defendants previously filed Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), Answering Defendants maintain that Plaintiff's cause of action against them fails as a matter of law and therefore, this Honorable Court would not have jurisdiction and venue over Plaintiff's case.

{01073281}

## FACTUAL ALLEGATIONS

11.    Denied.

12.    Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 12. To the extent a response is deemed required, the allegations contained in Paragraph 12 are denied.

13.    Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 13. To the extent a response is deemed required, Answering Defendants deny Plaintiff's characterization of Post-Traumatic Stress Order and its diagnosis and symptoms.

14.    Denied.[6]

15.    Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 15. To the extent a response is deemed required, the allegations contained in Paragraph 15 are denied.

---

[6] Further, Plaintiff voluntarily withdrew from Answering Defendant, NCC, at the end of July 2020 and never returned as a student. Therefore, it is nonsensical for Plaintiff to claim that his alleged treatment plan for claimed generalized anxiety disorder was added to his student file on June 9, 2021, nearly eleven (11) months after he voluntarily withdrew from Answering Defendant, NCC. This issue was raised in Answering Defendants' previously filed Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and Plaintiff did not address it in his Amended Complaint.

16.    Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 16.  To the extent a response is deemed required, the allegations contained in Paragraph 16 are denied.

17.    Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 17.

18.    Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 18.  To the extent a response is deemed necessary, the allegations contained in Paragraph 18 are denied.

19.    Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 19.

20.    Denied.

21.    Denied.

22.    Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 22.

23.    Denied.

{01073281}

24.     Admitted in part and denied without knowledge in part.  It is admitted that Plaintiff enrolled in the CDL training course at Answering Defendant, NCC. Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining averments contained in Paragraph 24.

25.     Admitted in part and denied without knowledge in part.  It is admitted that Plaintiff enrolled in the CDL training course at Answering Defendant, NCC. Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining averments contained in Paragraph 25.

26.     Admitted in part and denied without knowledge in part.  It is admitted that Plaintiff enrolled in the CDL training course at Answering Defendant, NCC. Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining averments contained in Paragraph 26.

27.     Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 27.

28.    Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 28.

29.    Admitted.

30.    It is admitted that Plaintiff passed the written portion of the CDL training program.   Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining averments contained in Paragraph 30.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    It is admitted that Answering Defendant, NCC, was forced to cancel courses throughout the college's campus in March 2020 due to the novel global pandemic known as COVID-19.

36.    Admitted in part and denied without knowledge in part.  It is admitted that Plaintiff was advised by Answering Defendant, NCC, that courses would resume when COVID-19 restrictions were lifted.   Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining averments as alleged by Plaintiff in Paragraph 36.

{01073281}

37.   Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 37.

38.   Admitted.

39.   (a) – (f), inclusive.  The allegations contained in Paragraph 39 (a) – (f), inclusive, are directed to a party other than Answering Defendants and therefore, no response is required by Answering Defendants. To the extent a response is deemed required, Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments as characterized by Plaintiff and contained in Paragraph 39 (a) – (f), inclusive. Further, the allegations contained in Paragraph 39 (a) – (f), inclusive, are vague and conclusory and do not provide adequate factual information.  This issue was raised by Answering Defendants in their previously filed Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and Plaintiff failed to address the same in his Amended Complaint.  To the extent any further response is deemed necessary, Answering Defendants deny the allegations contained in Paragraph 39 (a) – (f), inclusive, as characterized by Plaintiff.

39.   (sic).[7] The allegations contained in Paragraph 39 (sic) are directed to a party other than Answering Defendants and therefore, no response is required by

---

[7] Plaintiff's Complaint contains two (2) paragraphs that are identified as 39.

Answering Defendants.  To the extent a response is deemed required, Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 39.

40.    The allegations contained in Paragraph 40 are directed to a party other than Answering Defendants and therefore, no response is required by Answering Defendants.  To the extent a response is deemed necessary, Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 40.

41.    Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 41.

42.    Admitted.

43.    It is admitted that, in August 2020, Plaintiff made a complaint regarding Defendant Gates and that upon receipt, Answering Defendant, NCC, immediately placed Defendant Gates on administrative suspension and he was thereafter terminated from his employment with Answering Defendant, NCC.

44.    Denied.

45.    Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 45.

46.     Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 46.

47.     Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 47.

48.     The allegations contained in Paragraph 48 are directed to a party other than Answering Defendants.  To the extent the allegations are directed to Answering Defendants, Answering Defendants deny said allegations.

49.     The allegations contained in Paragraph 49 are directed to a party other than Answering Defendants and therefore, no response is required by Answering Defendants. To the extent a response is deemed necessary, Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 49.

50.     The allegations contained in Paragraph 50 are directed to a party other than Answering Defendants and therefore, no response is required by Answering Defendants.  To the extent a response is deemed necessary, Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 50.

51.     Denied.

52.    Admitted in part and denied in part.  It is admitted that Plaintiff voluntarily withdrew from the CDL driver training program in July 2020.  It is denied that Plaintiff withdrew from the CDL driver training program " . . . because of the impact on his mental, physical, and emotional health."

53.    It is admitted that Plaintiff submitted an on-line Title IX form on August 4, 2022.  By way of further answer, Plaintiff's submission is attached hereto and identified as Exhibit "A."

54.    It is admitted that Plaintiff submitted an email to Tina Frindt, Director of the Driver Training Program for Answering Defendant, NCC, on August 4, 2022. Insofar as Plaintiff has failed to provide a copy of any documentation regarding the allegations set forth in Paragraph 54, Answering Defendants are unsure if this email communication is what Plaintiff is referencing in Paragraph 54.

55.    Admitted in part and denied in part.  It is admitted that Answering Defendants issued a letter, dated September 14, 2020, to Plaintiff, wherein it provided the findings of its investigation regarding the claim made by Plaintiff. See September 14, 2020 letter, a true and correct copy of which is attached hereto and identified as Exhibit "B."  The September 14, 2020 letter is a written document, which speaks for itself.

56.    Denied.

57.     Denied.    Of note, Paragraph 57 of Plaintiff's Complaint only states, "Plaintiff," with no other words.    Therefore, Answering Defendants deny Paragraph 57.

58.     Denied.

## RESPONDENT SUPERIOR AND AGENCY

59.     Denied as stated.  By way of further answer, Answering Defendants deny that Plaintiff has made a full and proper legal recitation of the elements necessary to support a respondent superior and agency theory of recovery.

60.     It is admitted only that Answering Defendant, Ms. Angeny, was employed with Answering Defendant, NCC.  Answering Defendants deny that they engaged in any acts or omissions as alleged by Plaintiff.  Answering Defendants further deny that they are liable to Plaintiff under any legal theory, including respondent superior and agency.

## V.  CAUSES OF ACTION

## COUNT ONE – TITLE IX OF THE
## EDUCATION ACT AMENDMENTS OF 1972

61.     Answering Defendants incorporate by reference Paragraphs 1 – 60, inclusive, of their Answers to Plaintiff's Amended Complaint as though the same were set forth herein at length.

{01073281}

62.     Denied as stated.  By way of further Answer, Answering Defendants deny that Plaintiff has made a full and proper legal recitation of Title IX of the Education Act Amendments of 1972 (hereinafter referred to as "Title IX") and the legal elements required to make and/or support a claim under Title IX.

63.     Denied as stated.  By way of further answer, Answering Defendants deny that Plaintiff has made a full and proper legal recitation of Title IX and the legal elements required to make and/or support a claim under Title IX.

64.     Admitted.

65.     It is admitted that Answering Defendant, Ms. Angeny, is employed by Defendant, NCC.  Plaintiff's characterization that Ms. Angeny was employed as the "Acting Lead Title IX Coordinator" at all times relevant to this case is denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied as stated.  By way of further answer, Answering Defendant, NCC, did conduct a "full and thorough investigation" upon receiving Plaintiff's internet-based allegation on August 4, 2020, which has been identified as Exhibit A, and a

letter setting forth the findings was sent to Plaintiff on September 14, 2020, which has been identified as Exhibit B.

73.     (a) – (c), inclusive.  Denied.

74.     (a) – (b), inclusive.  Denied.

WHEREFORE, Answering Defendants demand judgment in their favor on all of Plaintiff's claims for relief and damages demanded, with judgment entered against Plaintiff and all other parties.

## COUNT TWO – AMERICANS WITH DISABILITIES ACT OF 1990
### (42 U.S.C. SECTION 12101)

75.     Answering Defendants incorporate Paragraphs 1 – 74, inclusive, of their Answers to Plaintiff's Amended Complaint as though the same were set forth herein at length.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied as stated.  It is denied that Plaintiff has provided an accurate recitation of the legal elements of the Americans with Disabilities Act and the legal requirements to establish and support a claim under said Act.

81.     Denied.

82.     Denied.

83.   Denied.

84.   Denied.

85.   (a) – (e), inclusive.  Denied.

86.   Denied.

87.   Denied.

WHEREFORE, Answering Defendants demand judgment in their favor on all of Plaintiff's claims for relief and damages demanded, with judgment entered against Plaintiff and all other parties.

## COUNT THREE – SECTION 504 OF
## THE REHABILITATION ACT OF 1973

88.   Answering Defendants incorporate by reference Paragraphs 1 through 87, inclusive, of their Answer to Plaintiff's Amended Complaint as though the same were set forth herein at length.

89.   Denied as stated.  It is denied that Plaintiff has provided an accurate recitation of Section 504 of the Rehabilitation Act of 1973 and the legal elements required to establish and support a claim under said Act.

90.   Denied as stated.  It is denied that Plaintiff has provided an accurate recitation of Section 504 of the Rehabilitation Act of 1973 and the legal elements required to establish and support a claim under said Act.

91.   Denied.

92.   Denied.

{01073281}

93.   Denied.

94.   Denied.

95.   (a) – (b), inclusive.  Denied.

96.   Denied.

97.   Denied.

WHEREFORE, Answering Defendants demand judgment in their favor on all of Plaintiff's claims for relief and damages demanded, with judgment entered against Plaintiff and all other parties.

## COUNT FOUR – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

98.   Answering Defendants incorporate Paragraphs 1 – 97, inclusive, of their Answer to Plaintiff's Amended Complaint as though the same were set forth herein at length.

99.   Denied.

100.  Denied.

101.  Denied.

102.  Denied.

103.  Denied.

104.  Denied.

105.  Denied.

WHEREFORE, Answering Defendants demand judgment in their favor on all of Plaintiff's claims for relief and damages demanded, with judgment entered against Plaintiff and all other parties.

## COUNT FIVE – INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

106.   Answering Defendants incorporate by reference Paragraphs 1 – 105, inclusive, of their Answers to Plaintiff's Amended Complaint as though the same were set forth herein at length.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

WHEREFORE, Answering Defendants demand judgment in their favor on all of Plaintiff's claims for relief and damages demanded, with judgment entered against Plaintiff and all other parties.

## COUNT SIX – BREACH OF CONTRACT

114.   Answering Defendants incorporate by reference Paragraphs 1 – 113, inclusive, of their Answers to Plaintiff's Amended Complaint as though the same were set forth herein at length.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Denied.  By way of further answer, Plaintiff voluntarily withdrew from Answering Defendant, NCC, before making his allegations.

119.   (a) – (c), inclusive.  Denied.

120.   The allegations contained in Paragraph 120 are directed to a party other than Answering Defendants.  To the extent a response is deemed necessary, the allegations are denied.

121.   The allegations contained in Paragraph 121 are directed to a party other than Answering Defendants.  To the extent a response is deemed necessary, the allegations are denied.

122.   Denied.

123.   Admitted in part and denied in part. It is admitted that Answering Defendant, NCC, has various policies in place.  It is denied that Plaintiff has provided an accurate recitation of the policies applicable to Answering Defendant,

NCC.  Plaintiff repeatedly refers to documents but has failed to attach any said documents to his pleadings.  This was raised in Answering Defendants' previously filed Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and Plaintiff did not correct this issue in Plaintiff's Amended Complaint.

124.    Answering Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of what constitutes Plaintiff's alleged "reasonable expectation," and therefore, the allegations contained in Paragraph 124 are denied.

125.    Admitted in part and denied in part.  It is admitted that Answering Defendant, NCC, has various policies in place.  It is denied that Plaintiff has provided an accurate recitation of the policies applicable to Answering Defendant, NCC.  Plaintiff repeatedly refers to documents but has failed to attach any said documents to his pleadings.  This was raised in Answering Defendants' previously filed Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and Plaintiff did not correct this issue in Plaintiff's Amended Complaint.

126.    Denied.

127.    Denied.

128.    Denied.

WHEREFORE, Answering Defendants demand judgment in their favor on all of Plaintiff's claims for relief and damages demanded, with judgment entered against Plaintiff and all other parties.

## ANSWERING DEFENDANTS' AFFIRMATIVE DEFENSES

129. Answering Defendants incorporate by reference Paragraphs 1 – 128, inclusive, of their Answer to Plaintiff's Amended Complaint as though the same were set forth herein at length.

130. Plaintiff has failed to state a claim upon which relief can be granted with regard to Count One of Plaintiff's Amended Complaint and therefore, Answering Defendants are entitled to judgment in their favor.

131. Plaintiff has failed to state a claim upon which relief can be granted with regard to Count Two of Plaintiff's Amended Complaint and therefore, Answering Defendants are entitled to judgment in their favor.

132. Plaintiff has failed to state a claim upon which relief can be granted with regard to Count Three of Plaintiff's Amended Complaint and therefore, Answering Defendants are entitled to judgment in their favor.

133. Plaintiff has failed to state a claim upon which relief can be granted with regard to Count Four of Plaintiff's Amended Complaint and therefore, Answering Defendants are entitled to judgment in their favor.

134.   Plaintiff has failed to state a claim upon which relief can be granted with regard to Count Five of Plaintiff's Amended Complaint and therefore, Answering Defendants are entitled to judgment in their favor.

135.   Plaintiff has failed to state a claim upon which relief can be granted with regard to Count Six of Plaintiff's Complaint and therefore, Answering Defendants are entitled to judgment in their favor.

136.   Answering Defendants are not liable to Plaintiff under a theory of Respondent Superior and therefore, Plaintiff's cause of action fails as a matter of law.

137.   Plaintiff's cause of action is barred by the Statute(s) of Limitation.

138.   Plaintiff's cause of action is barred by the Doctrine of Immunity and Immunity from Suit.

139.   Plaintiff's cause of action is barred by the Doctrine of Qualified Immunity.

140.   Plaintiff's cause of action is barred by the Doctrine of Laches.

141.   Plaintiff's cause of action is barred by the Doctrine of Failure of Consideration.

142.   Plaintiff's cause of action is barred by the Doctrine of the Statute of Frauds.

143.   Plaintiff's cause of action is barred by the Doctrine of Waiver.

144.   Plaintiff's cause of action is barred by the Doctrine of Fraud.

145.   As Plaintiff has failed to state a claim upon which relief can be granted, this Honorable Court does not have personal jurisdiction over the Answering Defendants and therefore, Plaintiff's Amended Complaint fails as a matter of law.

146.   As Plaintiff has failed to state a claim upon which relief can be granted, this Honorable Court does not have subject matter jurisdiction over Plaintiff's Amended Complaint and therefore, Plaintiff's Amended Complaint fails as a matter of law.

147.   As Plaintiff has failed to state a claim upon which relief can be granted, this Honorable Court does not have supplemental jurisdiction over Plaintiff's Amended Complaint and therefore, Plaintiff's Amended Complaint fails as a matter of law.

148.   Plaintiff's claims against Moving Defendants fail as a matter of law and therefore, Moving Defendants are entitled to a dismissal of Plaintiff's Complaint, with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6).

149.   Due to Plaintiff's voluntary withdraw from the CDL driver training program in the end of July 2020, Plaintiff was no longer a student at Answering Defendant, NCC, when he made his Complaint in August 2020.  Therefore, Plaintiff lacks standing to bring this cause of action.

150.   The costs associated with the CDL training program Plaintiff attended at Answering Defendant, NCC, were paid for through a federally funded grant issued

by the Federal Motor Carrier Safety Administration (hereinafter referred to as "FMCSA"), and not paid by Plaintiff.

151.   Prior to commencing his CDL training program at Answering Defendant, NCC, Plaintiff was required to have a formal medical examination pursuant to FMCSA regulation issued by the U.S. Department of Transportation.  See, generally, 49 C.F.R. § 391.41 and 49 C.F.R. § 391.43.

152.   Plaintiff's formal pre-CDL training medical examination was completed on February 24, 2020, just days before Plaintiff began the classroom portion of the CDL training course, by Ge Ma, M.D., a medical doctor licensed in the State of New Jersey.  See February 24, 2020 Medical Examination Report Form, a true and correct copy of which is attached hereto and identified as Exhibit C.[8]

153.   Plaintiff was not forthright and honest in his pre-CDL training medical examination and his lack of honesty constitutes fraud.

154.   Plaintiff was asked at his formal CDL medical examination if he was currently taking any medication and his response was "No."  See Exhibit C, Page 1.

---

[8] Plaintiff has raised his medical status and alleged diagnoses, conditions, and symptoms, in both his Complaint and Amended Complaint.  Despite Plaintiff voluntarily offering this information as part of his cause of action, the Medical Examination Report Form has been redacted to specifically remove confidential identifying information (e.g. address, date of birth, driver license number, etc.).

155.   As part of the formal CDL medical examination, Dr. Ma was required to review and discuss pertinent driver answers and any available medical records and comment on the driver's responses to the "health history" questions that may affect the driver's safe operation of a commercial motor vehicle (CMV).

156.   In response to this inquiry, Dr. Ma noted that Plaintiff had simply reported he had "anxiety, taking Xanax occasionally."   See Exhibit C., at P. 2, Section 2, Examination Report.

157.   In the "Driver Health History" portion of Plaintiff's Medical Examination, Plaintiff answered "Yes" to whether he had, or ever had, "anxiety, depression, nervousness, other mental health problems."   See Exhibit C, Page 2. When asked to clarify that answer further, Plaintiff stated, "anxiety taking medication." Id.

158.   Despite all the allegations made by Plaintiff in his Amended Complaint about his alleged physical and mental conditions, Plaintiff had completed a CDL Program Questionnaire on October 8, 2019 for the FMSCA funding, and *he answered that he had no barriers that would prevent him from "attending classes for the entire length of the class time" or from him "obtaining and retaining a job as a driver (which included any background issues)."*   See CDL Program Questionnaire – FMSCA, a true and correct copy of which is attached hereto and identified as Exhibit D.

159.   Incredibly, despite the minutia of medical history Plaintiff provided to Dr.

Ma on February 24, 2020, Plaintiff claims in Paragraph 12 of his Complaint that,

> On February 4, 2020, Plaintiff was diagnosed with chronic
> Post-Traumatic Stress Disorder ("PTSD"), panic disorder
> with agoraphobia,[9] and an episode of recurrent major
> depressive disorder.

See Plaintiff's Amended Complaint, at Paragraph 12.

160.   Further, in Paragraph 13 of Plaintiff's Complaint, Plaintiff claims that the

diagnosis of PTSD leads to "flashbacks, nightmares, and severe anxiety, as well as

uncontrollable thoughts.   This makes the performance of daily tasks such as

sleeping and working difficult."   See Plaintiff's Amended Complaint, at Paragraph

13.

161.  In other words, Plaintiff claims he was diagnosed with ***significant***

psychiatric conditions twenty (20) days prior to telling the medical doctor

examining him for CDL qualifications that he simply had "anxiety, taking Xanax

occasionally."

---

[9] Post-traumatic stress disorder (PTSD) is a mental and behavioral disorder that can develop because of exposure to a traumatic event. See, *generally*, https://en.wikipedia.org/wiki/Post-traumatic_stress_disorder. Yet, incredibly claims that he wanted to hold a Class A commercial driver's license and drive an 18-wheel tractor trailer that can weigh upwards of 50,000 pounds or more when fully loaded.
Agoraphobia is a mental and behavioral disorder, specifically an anxiety disorder characterized by symptoms of anxiety in situations where the person perceives their environment to be unsafe with no easy way to escape. These situations can include open spaces, public transit, shopping centers, or simply being outside their home. Being in these situations may result in a panic attack. Those affected will go to great lengths to avoid these situations. In severe cases people may become completely unable to leave their homes. See, *generally*, https://en.wikipedia.org/wiki/Agoraphobia.  PTSD and agoraphobia are significant psychiatric conditions.

162.   Plaintiff also claims in his Amended Complaint that he "suffers from asthma[10], which affects his respiratory bodily functions."   See Amended Complaint, at Paragraph 16.

163.   Plaintiff denied any in the CDL Medical Examination Report Form that he suffered from any "chronic (long-term) cough, shortness of breath, or other breathing problems," which would include asthma.  See Exhibit  C, at Page 2.

164.   Plaintiff's CDL Medical Examination Report Form included a Certification made by Plaintiff.  See Exhibit C, Page 2.  Importantly, the Certification signed by Plaintiff reads,

> I certify that the above information [i.e. Driver Health History]
> is accurate and complete.  I understand that inaccurate,
> false or missing information may invalidate the examination
> and my Medical Examiner's Certificate, that submission of
> fraudulent or intentionally false information is a violation of 49
> C.F.R. 390.35, and that submission of fraudulent or intentionally
> false information may subject me to civil or criminal penalties
> under 49 C.F.R. 390.37 and 49 C.F.R. 386 Appendices A and B.

See Exhibit C, Page 2.

165.  Dr. Ma also conducted a physical examination of Plaintiff, which was completely normal.  See Exhibit C, Page 3.

---

[10] Asthma is a long-term inflammatory disease of the airways of the lungs. It is characterized by variable and recurring symptoms, reversible airflow obstruction, and easily triggered bronchospasms. Symptoms include episodes of wheezing, coughing, chest tightness, and shortness of breath. https://en.wikipedia.org/wiki/Asthma

166.   Dr. Ma's physical examination included examining Plaintiff's lungs and chest (which would be important to Plaintiff's claim that he suffers from asthma) which Dr. Ma noted were normal.  Id.

167.   On February 24, 2020, just under a week prior to Plaintiff starting the CDL training program at NCC, and twenty (20) days after Plaintiff claims he was allegedly diagnosed with "chronic Post-Traumatic Stress Disorder ("PTSD"), panic disorder with agoraphobia, and an episode of recurrent major depressive disorder," Dr. Ma found that Plaintiff had met the rigid standards as set forth in 49 C.F.R. § 391.41 for a two (2) year CDL medical certificate and authorized the same. See Exhibit C, at Page 4.

168.   Plaintiff was fraudulent when he provided false information to the CDL medical doctor in order to acquire a CDL medical certification.  As a result, Plaintiff's cause of action fails as a matter of law and fails to state a claim upon which relief can be granted.

169.    Plaintiff provided intentionally false information to the CDL medical doctor and executed a Certification stating that he was subjecting himself to possible civil and criminal penalties for providing intentionally false information.

170.   Answering Defendants did not have any prior notice, actual and/or implied and/or constructive, of the claims raised by Plaintiff and therefore, Plaintiff's Amended Complaint fails as a matter of law.

171.   Answering Defendants did not act with "deliberate indifference" to Plaintiff and therefore, Plaintiff's Amended Complaint fails as a matter of law.

172.   At the end of July 2020, Plaintiff voluntarily withdrew from Answering Defendant, NCC, and thereafter, on August 3, 2020, Plaintiff contacted Scott J. Blair, M.Ed., NCC's Chief Diversity Officer and Title IX Coordinator (hereinafter referred to as "Mr. Blair"),[11] via telephone and email. Plaintiff received Mr. Blair's voicemail and in lieu of leaving a voicemail message, Plaintiff sent Mr. Blair an email.

173.   Plaintiff's email, sent on Monday, August 3, 2020 at 1:32 p.m. EST, stated,

> Dear Mr. Blair –
>
> I tried phoning you and received your voice mail (sic). I didn't leave a message, but thought I would send a written communication instead. It is my understanding that you are the top person at NCC to speak with regarding a potential Title IX violation(s), I have experienced as a current student.
>
> I have also reach (sic) out to an attorney for advice; however, I wanted to touch base with your office as to the procedure for filing a compliant (sic) regarding my concerns.
>
> Please contact me at your earliest convenience.
>
> Thanks!

Bob Walsh

---

[11]   At the time Plaintiff was enrolled in Answering Defendant, NCC's, CDL training program, Answering Defendant, Ms. Angeny was employed with NCC as the Executive Director of Human Resources; Plaintiff identifies Ms. Angeny in his Amended Complaint as the Lead Acting Title IX Coordinator.

<u>See</u> August 3, 2020 email from Plaintiff directed to Mr. Blair, a true and correct copy of which is attached hereto and identified as Exhibit E.

174.   The next day, on August 4, 2020, at 8:33 p.m., Plaintiff submitted a Title IX Complaint through Answering Defendants, NCC's on-line reporting system. <u>See</u> Exhibit A.

175.   Answering Defendants, NCC's Title IX reporting form requests that the complainant "provide a description of the incident, behavior, or concern ***<u>in as much detail as possible</u>***." <u>Id.</u> (emphasis added).

176.   Plaintiff claimed the following:

> As briefly discussed with Mr. Blair today, I am reporting sexual related harassment toward me by an instructor in the driver training program.  This field driven form doesn't allow for full reporting, so I will wait to discuss with someone from the Title IX Coordinator office.

<u>Id.</u>

177.   Plaintiff did not provide any further additional information, other than what is noted above, in the formal reporting communication regarding his alleged Title IX complaints.

178.   Despite the vague August 4, 2020 communication submitted by Plaintiff, and even though Plaintiff was no longer an enrolled student at Answering Defendant, NCC, an investigation was nonetheless conducted by the college.[12]

179.   On September 14, 2020, Ms. Angeny sent Plaintiff a letter regarding the outcome of the Title IX investigation. See Exhibit B.

180.   Notably, Answering Defendants advised Plaintiff that, based on the findings and the evidence provided in the Title IX investigation, she had concluded that it was "more likely than not that Mr. Gates[13] violated College Policy 2.05 Title IX of the Education Amendments Act of 1972 and Title VI of the Civil Rights Act of 1964 – Discrimination, Harassment, and Sexual Misconduct Policy." Id.

181.   Stated differently, Answering Defendants had concluded that Plaintiff's August 4, 2020 allegation was founded.  Therefore, Plaintiff cannot establish that Answering Defendants acted with deliberate indifference, and as a result, Plaintiff's cause of action fails as a matter of law.

182.   Answering Defendant, Ms. Angeny's September 14, 2020 correspondence also advised Plaintiff that,

> Appeals of the decision of the Executive Director of Human Resources may be filed by the Reporting Party[14], the Responding Party or both.  All requests for appeal consideration must be

---

[12] Immediately upon receiving Plaintiff's August 4, 2020 email communication, NCC placed Mr. Gates on administrative leave from his employment with NCC.
[13] Upon the conclusion of the Title IX investigation, Mr. Gates was formally terminated from his employment with NCC.
[14] Plaintiff was the Reporting Party in this investigation.

submitted in writing to the Title IX Coordinator within five
business days of the date of the final written notice.

<u>Id.</u>

183.   Plaintiff ***did not*** file an Appeal of Answering Defendants' Title IX findings.

(emphasis added).

184.   Plaintiff was put on notice of the administrative remedy available to him of

filing an appeal of Answering Defendants' findings, but Plaintiff failed to follow

that administrative remedy.   Accordingly, Plaintiff's cause of action fails as a

matter of law as Plaintiff has failed to exhaust administrative remedies available to

him.

185.   Thereafter, on September 21, 2020, at 2:05 p.m., Plaintiff sent an email to

Answering Defendants wherein he stated in relevant part,

> Dear Ms. Angeny-
>
> I am following up from our conversation about two weeks
> ago regarding your findings of my Title IX compliant. (sic).
> During that conversation, I raised other safety and health issues
> at the Pocono campus and the Nazareth training location.
> Some of the concerns were raised in my initial letter while
> others I shared with you during our conversation.  You informed
> me you were going share (sic) with me how the college
> addressed each and every concern.  I was wondering when I
> was going to receive that written communication.
>
> I also inquired as to my options on finishing the program and to the
> extent of what provisions would be made to ensure my concerns are
> addressed.

See September 21, 2020 Email Correspondence from Plaintiff to Answering Defendants, a true and correct copy of which is attached hereto and identified as Exhibit "F."

186. Two and one-half hours later, Answering Defendants sent an email to Plaintiff, wherein they confirmed that _all_ of Plaintiff's concerns had been addressed by NCC. See September 21, 2020 Email Correspondence from Answering Defendants to Plaintiff, a true and correct copy of which is attached hereto and identified as Exhibit G.

187. Specifically, Answering Defendants outlined the actions taken by them regarding Plaintiff's following that allegations that were made _outside_ of his Title IX claim:

i)      Lack of restroom facility;

ii)     Lack of compliance with non-smoking policy;

iii)    Lack of ADA access to the trailer where the class was being taught; and

iv)     Lack of adherence to mask wearing and social distancing.

Id.

188. Plaintiff never requested an accommodation under the Americans with Disabilities Act. Accordingly, Plaintiff's claim fails as a matter of law.

189.   Plaintiff never identified or notified Answering Defendants of any alleged physical disability under the American with Disabilities Act and/or the Rehabilitation Act. Accordingly, Plaintiff's claim fails as a matter of law.

190.   Further, Answering Defendants advised Plaintiff that she had contacted Tina Frindt[15] to advise that Plaintiff inquired about completing the CDL course, per Plaintiff's earlier representation after the conclusion of the Title IX investigation. Id. Answering Defendants requested that Plaintiff let her know if he would be interested in attending day or evening classes; however, Plaintiff *did not* respond to Answering Defendants and instead, instituted the within lawsuit nearly two (2) years later.

191.   Given Plaintiff's failure to exhaust administrative remedies, and failure to respond to Answering Defendants' inquiries, Plaintiff's cause of action is moot.

Plaintiff has failed to provide any documentation to support his conclusory statement that there were ***any*** previous complaints reported to Answering Defendants regarding Defendant Gates.

192.   Upon receiving Plaintiff's August 4, 2020 email communication, Answering Defendants immediately placed Defendant Gates on administrative leave and an investigation was conducted by NCC.

---

[15] Ms. Frindt is the Director of NCC's CDL Training Program.

193.   Moreover, following the investigation that was prompted by Plaintiff's August 4, 2020 communication, Answering Defendant, NCC, promptly terminated Defendant Gates.

194.   Plaintiff's cause of action is also time-barred under the applicable statute of limitations and as such, Plaintiff cannot recover as a matter of law.

195.   In Plaintiff's Amended Complaint, Plaintiff claims that, ***on July 24, 2020***, he ". . . started the driving portion of his classes with instructor, Defendant Gates." <u>See</u> Amended Complaint, at Paragraph 38. Plaintiff immediately thereafter, in Paragraph 39 of the Amended Complaint, claims that Defendant Gates exhibited the following inappropriate behaviors[16]:

a.   Unwelcome sexual or gender-based verbal, written, and physical conduct;

b.   Sexualized language and/or jokes, such as comparing the truck's driving stick to male genitalia;

c.   Comments or statements that were demeaning, humiliating, suggestive, insulting, vulgar, crude and/or lewd;

d.   Often smoking cigarettes near Plaintiff and other students, as well as smoking in the cab of the trucks with Plaintiff and other students present while the windows were closed;

---

[16] Most of the alleged inappropriate behaviors Plaintiff claims Defendant Gage engaged in do not rise to the level of Title IX violations.  Further, as noted in <u>Ashcroft v. Iqbal</u>, several of the above alleged inappropriate behaviors are merely conclusory statements without any facts to support them.  For example, Plaintiff claims in paragraph a that Defendant Gates engaged in "unwelcome sexual or gender-based verbal, written, and physical conduct," but Plaintiff does not provide examples of the same. <u>See</u> Exhibit A, at Paragraph 38.  Likewise, in paragraph c, Plaintiff claims that Defendant Gates made "comments or statements that were demeaning, humiliating, suggestive, insulting, vulgar, crude and/or lewd," but, again, does not provide any examples of the same.  <u>See</u> Exhibit A, at Paragraph 38.  As such, the same are merely conclusory findings that are inappropriate under federal court pleading requirements.  These arguments were raised in Answering Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and Plaintiff did not change the language of the paragraphs in his Amended Complaint.

      e.  Offering to smoke cigarettes with Plaintiff; and

      f.  Making inferences that if Plaintiff did not condone his smoking, he would retaliate against Plaintiff by lowering his grade.

196.   Plaintiff filed his Complaint against Moving Defendants on July 27, 2022.

See *generally*, Docket Entries.

197.   Plaintiff's Complaint was filed after the two (2) year Statute of Limitations applicable to Title IX claims. See 42 Pa.C.S. Section 5524.

198.   With regard to the applicable statute of limitations, in Pennsylvania,

> Any action to recover damages for injury to a person based on negligent, intentional, or otherwise tortious conduct must be commenced within two years of the occurrence of the injury.

See 42 Pa.C.S. 5524(7).

199.   The Third Circuit has held that Pennsylvania's two (2) year statute of limitations applies to any action to recover damages under Title IX.  See Kasteleba v. Judge, 325 F.App'x 153, 156 (3d Cir. 2009), See also, Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 77-78 (3d Cir. 1989) (holding that the most analogous statute of limitations [for a Title IX claim] is Pennsylvania's two-year statute of limitations applicable to personal injury actions).

200.   For purposes of the Statute of Limitations analysis in the case at bar, the following is helpful:

{01073281}

- **Date of alleged incident as set forth in Paragraph 37: July 24, 2020**

- **Date suit instituted case/Complaint filed:  July 27, 2022**

***Plaintiff's cause of action is barred by the two (2) year statute of limitations.***

201.   Pursuant to the above time-line, Counts Four and Five of Plaintiff's Amended Complaint are also time-barred under 42 Pa.C.S. 5524(7).  Both claims for negligent infliction of emotional distress and intentional infliction of emotional distress fall under Pennsylvania's two (2) year time bar.

202.   Further, Count Two and Three of Plaintiff's Amended Complaint are time-barred.  Plaintiff is not clear in his filing what title of the ADA his claim is made; however, even assuming the following various timelines that can apply, the Plaintiff's claim would be barred:

- 180 days from the alleged discrimination to file a claim with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC");

- 300 days from the alleged discrimination to file a claim with an equivalent state agency; or

- Two (2) years under 42 Pa.C.S. Section 5524, discussed above.

203.   Punitive damages are not recoverable by Plaintiff.

{01073281}

204.   Attorneys' fees are not recoverable by Plaintiff.

205.   Plaintiff's Breach of Contract claim fails as a matter of law and therefore, it should be denied and dismissed with prejudice. Plaintiff generally claims that he entered into a contract with NCC "by which NCC admitted Plaintiff into an NCC program under specified terms."  See Amended Complaint at Paragraph 116. Plaintiff further claims that he accepted "NCC's offer" and attended NCC according to the terms of the "agreement."  Id. at Paragraph 117. Plaintiff does not provide a copy of the "agreement" he is referencing.

206.   In order to sustain a claim for breach of contract, a plaintiff must prove:

> A) The existence of a contract, including its essential terms;
>
> B) A breach of a duty imposed by the contract; and
>
> C) Resultant Damages.

See Kaymark v. Bank of Am., N.A., 783 F.3d 168, 182 (3d Cir. 2015) (*quoting* Omicron Sys., Inc. v. Weiner, 860 A.2d 554, 564 (Pa. Super. Ct. 2004), See also, *generally*, Gjeka v. Delaware Cty. Comm. College, Civ. No. 12-4548 (May 24, 2013), *citing* CoreStates Bank v. Nat'l Ass'n v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999).

207.   Throughout Count Six, Plaintiff makes generalizations about alleged requirements under NCC's "Discrimination, Harassment, and Sexual Misconduct

Policy." Id. at Paragraphs 114, 116-117.   As noted above several times, NCC promptly investigated Plaintiff's claim and issued timely findings, approximately five (5) weeks later, that Defendant Gates violated NCC's policies.  To infer that Moving Defendants somehow breached a contract with him is disingenuous and lacks legal support.

WHEREFORE, Answering Defendants demand judgment in their favor on all of Plaintiff's claims for relief and damages demanded, with judgment entered against Plaintiff and all other parties.

## CROSSCLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 13(g)

1. Defendants, Northampton Community College and Karen Angeny, incorporate, without admission, the allegations set forth by Plaintiff as against Defendant, Leslie Gates, only.

2. If the allegations made by Plaintiff against Defendant, Leslie Gates, only, are deemed true, then Defendant, Leslie Gates, acted individually and on his own behalf, and not on behalf of Defendants, Northampton Community College and Karen Angeny and without the permission and/or authority of Defendants, Northampton Community College and Karen Angeny.

3. If the allegations made by Plaintiff against Defendant, Leslie Gates, only, are deemed true, then Defendant, Leslie Gates, is solely liable to Plaintiff for the claims raised by Plaintiff.

{01073281}

4.  If the allegations made by Plaintiff against Defendant, Leslie Gates, only, are deemed true, then Defendant, Leslie Gates, is liable over to Defendants, Northampton Community College and Karen Angeny, for contribution and/or indemnification.

WHEREFORE, Answering Defendants demand judgment in their favor and against Defendant, Leslie Gates.

Respectfully submitted,

*King, Spry, Herman, Freund, & Faul, LLC*

By: */s/ Jody A. Mooney*
John E. Freund, Esquire
jef@kingspry.com
Attorney I.D. #25390
Jody A. Mooney, Esquire
Attorney I.D. #87418
One West Broad Street, Suite 700
Bethlehem, PA 18018

Date:  November 15, 2022

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney for Defendants, Northampton Community College and Karen Angeny, hereby certifies that a true and correct copy of the foregoing Answer with Affirmative Defenses and Crossclaim has been electronically filed and is available for viewing and downloading from the ECF system in accordance with the local Federal Rules of Civil Procedure and has been served electronically upon the following on this 15th day of November, 2022:

Keith Altman, Esquire
The Law Office of Keith Altman
33228 West 12 Mile Road
Suite 375
Farmington Hills, MI 48334
keithaltman@kaltmanlaw.com

Conrad Benedetto, Esquire
Benedetto Legal Associates
1615 South Broad Street
Philadelphia, PA 19148
benedettolegalassociates@gmail.com

Mr. Leslie Gates
334 Hallet Road
East Stroudsburg, PA 18301
buddykeys2000@yahoo.com

DATE: November 15, 2022         By: /s/*Jody A. Mooney*
                                     Jody A. Mooney