# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WALSH, | Case No. 3:22-cv-01163-JFS |
| *Plaintiff,* | |
| v. | |
| NORTHAMPTON COMMUNITY COLLEGE, et al. | |
| *Defendants.* | |

## PLAINTIFF'S OPPOSITION TO ANSWER, AFFIRMATIVE DEFENSES, AND CROSSCLAIM PURSUANT TO FED.R. CIV. P. 13(g)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................2

I.   Defendant Leslie Gates Was An Agent of Defendant Northampton Community College During The Time Plaintiff Was Enrolled As A Student at Northampton Community College ...........................................................................5

II.  Plaintiff Has Stated Claims Upon Which Relief Can Be Granted, And This Honorable Court Has Subject Matter Jurisdiction Over The Case Because A Federal Question Is Part And Parcel Of Plaintiff's Well-Pleaded Complaint ....6

III. The District Court In The Middle District Of Pennsylvania Is The Proper Venue For The Present Action ...........................................................8

IV.  Plaintiff Suffers From Post-Traumatic Stress Disorder, Panic Disorder With Agoraphobia, And Major Depressive Disorder.....................................9

V.   Plaintiff Entered Into A Contract With Northampton Community College For Educational Services, And Plaintiff Had A Property Interest In His Continuing Education ................................................................................10

VI.  Plaintiff Informed Northampton Community College Staff Of His Generalized Anxiety Disorder, And Plaintiff Experienced Increased Anxiety Due To The Inadequate Physical Conditions Of The Trailers In Which Plaintiff Completed A Portion Of His Academic Coursework .............................................11

VII. Defendant Leslie Gates Exhibited Numerous Inappropriate Behaviors Throughout His Course Instruction.................................................11

VIII. Defendants Northampton Community College And Karen Angeny Had Actual Knowledge Of Defendant Leslie Gates's Offensive Conduct............12

IX.  Respondeat Superior And Agency .................................................13

X.   Title IX Of The Education Act Amendments Of 1972 ..................................15

XI.  Americans With Disabilities Act Of 1990 (42 U.S.C. § 12101)....................15

XII. Section 504 Of The Rehabilitation Act Of 1973.............................16

XIII. Plaintiff Adequately Set Forth Claims For Breach Of Contract, Intentional Infliction Of Emotional Distress, And Negligent Infliction Of Emotional Distress ................................................................................17

XIV. Defendants' Affirmative Defenses ...............................................19

XV.  Conclusion ................................................................................20

CERTIFICATE OF SERVICE .................................................................21

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abernathy v. Ind. Univ. of Pa.*, 2013 U.S. Dist. LEXIS 88643 ..............................10

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).................................................. 7, 11, 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)................................................ 7, 11

*Bougher v. Univ. of Pitt.*, 882 F.2d 74, 77-78 (3d Cir. 1989)..................................19

*Care v. Reading Hosp. and Medical Center*, 2004 U.S. Dist. LEXIS 5485 ...........14

*Chalupiak v. Stahlman*, 368 Pa. 83, 81 A.2d 577 (1951) ........................................13

*Doe v. The Trustees of the Univ. of Pennsylvania*, 270 F. Supp. 3d 799, 822 (E.D.

    Pa. 2017) ........................................................................................................15

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) .....................................12

*Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 289 (3d Cir. 2019) ..........................16

*Geness v. Cox*, 902 F.3d 344 (3d Cir. 2018)...........................................................16

*Goldsmith v. City of Atmore*, 996 F.2d 1155, 1162 (11th Cir. 1993) .......................5

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159 (3d Cir.

    2010) ...............................................................................................................12

*Green v. Bryant*, 887 F.Supp. 798, 801-02 (E.D. Pa. 1995)....................................18

*Hannis v. Ashland State General Hosp.*, 527 Pa. 330, 338-40, 591 A.2d 703 (1991)

    .......................................................................................................................13

*Herbert v. Greyhound Lines, Inc.*, 1994 U.S. Dist. LEXIS 12712 ..........................18

*Hunger v. Grand Cent. Sanitation*, 447 Pa. Super. 575, 670 A.2d 173, 178 (Pa. Super. 1995)...................................................................................................18

*Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005)......................15

*Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)....................................................19

*Meritor Sav. Bank v. Vinson*, 477 U.S. 57 (1986) ...................................................5

*Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.,* 635 Pa. 427, 137 A.3d 1247, 1258 (Pa. 2016) .......................18

*Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 692 (1978)................14

*Northern Ins. Co. v. Chatham County*, 547 U.S. 189, 193 (2006) ..........................19

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994).7

*Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015) ......................19

*Perry v. Sindermann*, 408 U.S. 593 (1972) .............................................................10

*S.H. ex rel Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248 (3d Cir. 2013)........17

*Santiago v. Warminster Twp*., 629 F.3d 121, 128 (3d Cir. 2010) ..........................14

*Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2001) .............................7

*Shager v. UpjohnCo.*, 913 F.2d 398, 404 (7th Cir. 1990) ........................................6

*Simcox v. National Rolling Mills, Inc.*, 1990 U.S. Dist. LEXIS 6757....................14

*Simms v. Pa. State Univ.*, 2018 U.S. Dist. LEXIS 45051........................................10

*Susinno v. Work Out World, Inc.*, 862 F.3d 346, 351 (3d Cir. 2017).......................6

*Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 996 n.7 (6th Cir. 1997) ...........................................................................................................5

*Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003)................................18

*Yusuf v. Vassar Coll.*, 35 F.3d 709, 714-15 (2d Cir. 1994) .....................................15

## Statutes

20 U.S.C. § 1681(a) ...............................................................................................15

28 U.S.C. § 1367 ..................................................................................................7, 8

28 U.S.C. § 1391(b) ................................................................................................8

29 U.S.C. § 794(a) ................................................................................................17

Plaintiff submits the following response in opposition to Defendants' Answer pursuant to the November 16, 2022, Order. Multiple of defendants' statements are compound and contain multiple facts, many of which contain a true statement and an intentionally misleading or blatantly false statement. The plaintiff contends that there exist genuine issues to be tried.

## I.   Defendant Leslie Gates Was An Agent of Defendant Northampton Community College During The Time Plaintiff Was Enrolled As A Student at Northampton Community College

Defendants Northampton Community College and Karen Angeny deny that Defendant Leslie Gates was an agent of Northampton Community College during the entire time Plaintiff was a student at Northampton Community College. Courts "look to the common law of agency" to determine whether an individual acted as the employer's agent." *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 996 n.7 (6th Cir. 1997); *Meritor Sav. Bank v. Vinson*, 477 U.S. 57 (1986). "An agent is one who consents to act on behalf of another and subject to the other's control." *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 996 n. 7 (6th Cir. 1997) *see* Restatement (Second) of Agency § 1 (1958). "An employee is generally considered an agent of his or her employer." *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1162 (11th Cir. 1993) *see* Restatement (Second) of Agency § 2. "Agent is a term that embraces but is more encompassing than employee." *Shager v. UpjohnCo.*,

913 F.2d 398, 404 (7th Cir. 1990). "All employees are agents, but not all agents are employees." *Id*.

Leslie Gates was an employee of Defendant Northampton Community College during the time that Plaintiff was enrolled as a student at Defendant Northampton Community College. Defendants Northampton Community College and Karen Angeny cannot admit that Leslie Gates was an employee of Defendant Northampton Community College while simultaneously denying that he was an agent. The contradiction needs to be addressed, and Plaintiff requests that the court recognize that Defendant Leslie Gates was an agent of Defendant Northampton Community College while Plaintiff was enrolled as a student at Defendant Northampton Community College. Whether Defendant Leslie Gates operated outside of their agency as an employee, should the Defendants claim such, is an issue to be determined by a trier of fact. The present case should proceed to discovery with a date set for trial.

## II. Plaintiff Has Stated Claims Upon Which Relief Can Be Granted, And This Honorable Court Has Subject Matter Jurisdiction Over The Case Because A Federal Question Is Part And Parcel Of Plaintiff's Well-Pleaded Complaint

The Third Circuit has held that a concrete injury has been pled when the complaint asserts "the very harm that Congress sought to prevent." *Susinno v. Work Out World, Inc.*, 862 F.3d 346, 351 (3d Cir. 2017). Here, plaintiff asserts that Defendants violated Title IX of the Education Amendments of 1972. Defendant

Leslie Gates also caused Plaintiff to suffer severe emotional distress and experience debilitating symptoms caused by Plaintiff's pre-existing post-traumatic stress disorder, generalized anxiety disorder, and agoraphobia. Plaintiff's state law claims are brought under the federal court's supplemental jurisdiction. 28 U.S.C. § 1367.

"On a motion to dismiss for failure to state a claim, the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2001).

Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted. Also, it is clear from the face of the complaint that this

Honorable court has subject matter jurisdiction over Plaintiff's Title IX claim as a federal question is part and parcel of Plaintiff's complaint. Also, this Honorable court has supplemental jurisdiction over Plaintiff's state law claims because they arise from the same transaction or occurrence as the federal question claims. 28 U.S.C. § 1367. Plaintiff's other federal claims set forth in the complaint also arise under federal law.

### III.   The District Court In The Middle District Of Pennsylvania Is The Proper Venue For The Present Action

Venue is proper because the present action arises under federal law and district court in the middle district of Pennsylvania has subject matter jurisdiction over Plaintiff's federal question claims. The proper venue for a civil action is (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

Here, Defendants Northampton Community College, Karen Angeny, and Leslie Gates all reside in the State of Pennsylvania. Venue in this action is properly in the Middle District Court of Pennsylvania because the events relevant to this

action occurred primarily within the geographical confines of the Middle District of Pennsylvania.

## IV.   Plaintiff Suffers From Post-Traumatic Stress Disorder, Panic Disorder With Agoraphobia, And Major Depressive Disorder

Plaintiff suffered from asthma, post-traumatic stress disorder, panic disorder with agoraphobia, and major depressive disorder during all times he was an enrolled student at Northampton Community College. Northampton Community College had actual knowledge of Plaintiff's disabilities. "When an actor's tortious conduct causes harm to a person that, because of a preexisting physical or mental condition or other characteristics of the person, is of a greater magnitude or different type than might reasonably be expected, the actor is nevertheless subject to liability for all such harm to the person." Restatement (Third) of Torts § 31. During the discovery phase Defendants will be able to ascertain the scope of Plaintiff's disabilities. Plaintiff informed Defendants and officials at Defendant Northampton Community College of his social phobia, anxiety, and other disabilities during an interview with Northampton Community College employees.

Plaintiff engaged in many phone conversations and in-person meetings regarding the educational programs that interested him. Documentary evidence and testimonial evidence can establish the veracity of these phone conversations and in-person meetings. Evidence regarding Plaintiff's contacts with Northampton Community College can be ascertained during the discovery phase.

**V.    Plaintiff Entered Into A Contract With Northampton Community College For Educational Services, And Plaintiff Had A Property Interest In His Continuing Education**

It is beyond dispute that a contract with a state entity can give rise to a property right protected under the Fourteenth Amendment. *Perry v. Sindermann*, 408 U.S. 593 (1972). "Courts in the Third Circuit have held that Undergraduate and graduate students have a legally protected property interest in continuing their educations." *Simms v. Pa. State Univ.*, 2018 U.S. Dist. LEXIS 45051. "In multiple instances courts in this Circuit have held, or at least assumed, that students of state institutions have a property interest in that higher education that is protected by minimum standards of the Fourteenth Amendment due process." *Abernathy v. Ind. Univ. of Pa.*, 2013 U.S. Dist. LEXIS 88643. Plaintiff entered the Class A Truck Driving Program at Northampton Community College.

Plaintiff was enrolled at a state institution of higher learning, and he entered into a contract with Northampton Community College for educational services regarding commercial trucking education and licensure. In exchange for the educational services provided, Plaintiff was to pay a set tuition rate which was mutually agreed upon. Plaintiff attended Northampton Community College in exchange for the agreed upon consideration. Plaintiff held a property interest in his education, and the conduct of Defendants forced Plaintiff to disassociate from Northampton Community College, interfering with the executed contract resulting

in a taking of Plaintiff's property interest. Plaintiff also received Northampton Community College's Accessibility Policy; Discrimination, Harassment, and Sexual Misconduct Policy; and Statement of Discrimination.

## VI. Plaintiff Informed Northampton Community College Staff Of His Generalized Anxiety Disorder, And Plaintiff Experienced Increased Anxiety Due To The Inadequate Physical Conditions Of The Trailers In Which Plaintiff Completed A Portion Of His Academic Coursework

Plaintiff made is known to Northampton Community College staff and instructors that he suffered from generalized anxiety disorder. Plaintiff also asserts that his classroom instruction occurred in an improperly installed trailer that was not conductive to learning. After classes were cancelled due to the COVID-19 global pandemic, Plaintiff was informed by Frindt that classes would continue at the Pocono location of Northampton Community College. Northampton did not provide an equal opportunity, instead this restriction forced Plaintiff to transfer to a part-time evening class because the Pocono campus was approximately forty minutes away by car from Plaintiff's residence.

## VII. Defendant Leslie Gates Exhibited Numerous Inappropriate Behaviors Throughout His Course Instruction

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plaintiff must allege some facts to raise the allegation above the level of mere speculation. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159 (3d Cir. 2010). In analyzing a motion to dismiss, legal conclusions are disregarded, well-pleaded factual allegations are taken as true, and a determination as to whether those facts state a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

Defendant Leslie Gates's conduct had a profound effect on Plaintiff, and the discriminatory treatment, verbal abuse, and derogatory conduct exhibited by Defendant Leslie Gates forced Plaintiff out of his studies. The details of Defendant Leslie Gates's conduct set forth in Plaintiff's amended complaint are specific and particular. These unique instances of misconduct exhibited by Defendant Leslie Gates make it clear that Plaintiff's assertions are not vague or conclusory.

## VIII.   Defendants Northampton Community College And Karen Angeny Had Actual Knowledge Of Defendant Leslie Gates's Offensive Conduct

Plaintiff filed a complaint against Northampton Community College in August of 2020. Upon the filing of this complaint, Defendants Northampton Community College and Karen Angeny were put on notice of the wrongdoing committed by Defendant Leslie Gates. However, Defendants Northampton Community College and Karen Angeny were deliberately indifferent to the sexually discriminatory conduct exhibited by Defendant Leslie Gates. Defendants

Northampton Community College and Defendant Karen Angeny willfully and deliberately chose to not act to protect Plaintiff, now seeking to hide from liability stating Defendant Leslie Gates was not acting on behalf of Defendant Northampton. The conduct of Defendant Leslie Gates caused Plaintiff to suffer severe symptoms associated with his generalized anxiety disorder and post-traumatic stress disorder. Plaintiff did not feel comfortable in the presence of Defendant Leslie Gates, and Plaintiff was forced out of his studies from Northampton Community College in July 2020. Plaintiff suffered economic and non-economic damages due to the treatment he endured as a student at Northampton Community College. Plaintiff also lost time and resources he could have used seeking an education at a different educational institution.

Plaintiff also sought medical treatment due to the severe symptoms associated with his generalized anxiety disorder and post-traumatic stress disorder. Defendant Leslie Gates caused Plaintiff to suffer severe emotional distress and humiliation.

## IX.    Respondeat Superior And Agency

An agency relationship results from (1) the manifestation of consent of one person to another that (2) the other shall act on his behalf and subject to his control, and (3) consent by the other to so act. *Hannis v. Ashland State General Hosp.*, 527 Pa. 330, 338-40, 591 A.2d 703 (1991) (citing *Chalupiak v. Stahlman*, 368 Pa. 83, 81 A.2d 577 (1951); Restatement (Second) Agency § 1. Here, Defendant Leslie Gates

was an employee and agent of the employer and principal Defendant Northampton Community College. Defendant Leslie Gates and Defendant Northampton Community College entered into an agreement whereby Defendant Leslie Gates would instruct students in the commercial trucking program on behalf of Defendant Northampton Community College. Also, Defendant Northampton Community College consented to Defendant Leslie Gates using reasonable means to achieve the educational ends of the institution.

"Liability based on respondeat superior arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp*., 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 692 (1978). Recovery under respondeat superior requires an agent's liability for an underlying claim which is imputed to its principle or employer. *Care v. Reading Hosp. and Medical Center*, 2004 U.S. Dist. LEXIS 5485. "Respondeat superior merely connotes a doctrine of imputation once an underlying theory of liability has been established. It is not a separate cause of action." *Simcox v. National Rolling Mills, Inc.*, 1990 U.S. Dist. LEXIS 6757.

Defendant Leslie Gates was an employee and agent of Defendant Northampton Community College. Defendant Northampton Community College is

liable under respondeat superior theory for the harm caused by Defendant Leslie Gates when he committed sex-based discrimination against Plaintiff.

### X.    Title IX Of The Education Act Amendments Of 1972

Title IX of the Education Amendments of 1972 provides that "no person…shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX "bars the imposition of university discipline where gender is a motivating factor," and it "is enforceable through an implied private right of action…for monetary damages as well as injunctive relief." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 714-15 (2d Cir. 1994). Most plaintiffs advance Title IX claims under (2) an erroneous outcome theory or (2) a selective enforcement theory. *Doe v. The Trustees of the Univ. of Pennsylvania*, 270 F. Supp. 3d 799, 822 (E.D. Pa. 2017). "Retaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination encompassed by Title IX's private cause of action." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005).

Plaintiff's Title IX claims are well pled in the amended complaint. As such, Plaintiff's claims should move on to discovery with a trial date set.

### XI.    Americans With Disabilities Act Of 1990 (42 U.S.C. § 12101)

To state a claim under Title II of the Americans with Disabilities Act, a party must sufficiently plead that (1) he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability. *Geness v. Cox*, 902 F.3d 344 (3d Cir. 2018) (quoting *Haberle v. Troxell*, 885 F.3d 171 (3d Cir. 2018).

"The phrase 'service, program, or activity' under Title II…is 'extremely broad in scope and includes anything a public entity does.'" *Furgess v. Pa. Dep't of Corr*., 933 F.3d 285, 289 (3d Cir. 2019) (quoting *Disability Rights N.J., Inc. v. Comm'r, N.J. Dep't of Human Servs.*, 796 F.3d 293 (3d Cir. 2015). Plaintiff suffered from disabilities and was subjected to discrimination by Defendant Northampton Community College and Defendant Leslie Gates due to his generalized anxiety disorder, post-traumatic stress disorder, and agoraphobia. Plaintiff's ADA claims are well pled in the amended complaint. As such, Plaintiff's claims should move on to discovery with a trial date set.

## XII.    Section 504 Of The Rehabilitation Act Of 1973

Section 504 provides that "no otherwise qualified individual with a disability in the United States…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. §

794(a). A Plaintiff seeking compensatory damages under Section 504 must show discrimination on the part of Defendant rising to a level of "deliberate indifference." *S.H. ex rel Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248 (3d Cir. 2013). Plaintiff asserts that Defendants (1) knew that a federally protected right was substantially likely to be violated, and (2) failed to act despite that knowledge. *S.H. ex rel Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248 (3d Cir. 2013) (citing *Duvall v. Cnty. Of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001).

The factual allegations in Plaintiff's amended complaint clearly set forth a plausible Section 504 claim. Defendant Northampton Community College failed to adequately investigate the claim of sex-based discrimination suffered by Plaintiff. The conduct exhibited by Defendant Northampton Community College rose to the level of deliberate indifference. Plaintiff's status as an individual who suffers from disabilities qualifies him to assert a claim under Section 504 of the Rehabilitation Act of 1973. Plaintiff's Section 504 claims are well pled in the amended complaint. As such, Plaintiff's claims should move on to discovery with a trial date set.

**XIII.   Plaintiff Adequately Set Forth Claims For Breach Of Contract, Intentional Infliction Of Emotional Distress, And Negligent Infliction Of Emotional Distress**

Defendants deny that Plaintiff has adequately set forth causes of action for breach of contract, intentional infliction of emotional distress, and negligent infliction of emotional distress. To property plead a breach of contract claim, a party

must prove the following elements: (1) that the parties had a valid contract, as well as the terms of that contract; (2) that one party breached the contract; and (3) that the contract breach damaged the non-breaching party. *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.,* 635 Pa. 427, 137 A.3d 1247, 1258 (Pa. 2016). Plaintiff must only plead (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003).

The negligent infliction of emotional distress is a cognizable tort in Pennsylvania. *Green v. Bryant*, 887 F.Supp. 798, 801-02 (E.D. Pa. 1995). A party can claim negligent infliction of emotional distress if he or she suffered "distress as a result of a breach by a defendant of a distinct pre-existing duty of care, that is in essence an independent tort." *Herbert v. Greyhound Lines, Inc.*, 1994 U.S. Dist. LEXIS 12712. A tort of negligent infliction of emotional distress can be based upon a violation of a pre-existing duty grounded in a contractual or implied contractual relationship. *Hunger v. Grand Cent. Sanitation*, 447 Pa. Super. 575, 670 A.2d 173, 178 (Pa. Super. 1995).

Plaintiff has adequately pled the elements of his state law claims, and this honorable court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same transaction or occurrence as Plaintiff's federal question claims. Thus, this honorable court has subject matter jurisdiction over

Plaintiff's claims. The case should proceed to discovery to allow Plaintiff and Defendants to exchange information regarding the claims and defenses.

## XIV.   Defendants' Affirmative Defenses

Defendants' set forth several affirmative defenses without providing any detailed factual information to substantiate their defenses. The statute of limitations under Title IX and § 1983 is two years. *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015); *Bougher v. Univ. of Pitt.*, 882 F.2d 74, 77-78 (3d Cir. 1989). Plaintiff's claim accrued, and the statute of limitations began to run, "when she knew or should have known of the injury upon which her action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (quoting *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998)). Plaintiff filed his Title IX claim within the statute of limitations period. Plaintiff did not know the full scope of his injuries until after he withdrew from Northampton Community College.

The immunity of States from suit in federal courts is a fundamental aspect of state sovereignty. *Northern Ins. Co. v. Chatham County*, 547 U.S. 189, 193 (2006). Defendant Northampton Community College is not immune from suit on the federal claims asserted in Plaintiff's complaint. Defendants' affirmative defenses are based on overbroad assertions regarding the relationship between Plaintiff and Defendant Northampton Community College. Plaintiff has not delayed and is not subject to the doctrine of laches in the present action. Plaintiff's medical treatment for his

disabilities was not disclosed in the reports discussed by Defendants because Plaintiff's anxiety caused confusion about whether his disabilities would bar him from being able to begin and complete the commercial trucking program at Defendant Northampton Community College.

## XV. CONCLUSION

Plaintiff respectfully requests that this Court should allow the parties to proceed to discovery and set a date for trial.

Date: December 7, 2022                    Respectfully Submitted,

Keith Altman, Esq. (*pro hac vice*)
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

Conrad Benedetto, Bar ID 34666
BENEDETTO LEGAL ASSOCIATES
1615 South Broad Street
Philadelphia, Pennsylvania 19148
Telephone: (215) 389-1900
benedettolegalassociates@gmail.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WALSH,<br><br>    *Plaintiff,*<br> v.<br><br>NORTHAMPTON COMMUNITY<br>COLLEGE, et al.<br><br>    *Defendants.* | Case No. 3:22-cv-01163-JFS |

## CERTIFICATE OF SERVICE

   I do hereby certify that a true and correct copy of the foregoing document

has been electronically filed and is available for viewing and downloading from

the ECF system in accordance with the local Federal Rules of Civil Procedure

and has been served electronically upon the following on this the 7th day of

December 2022.

John E. Freund, III, Esq., Attorney ID # 25390
Jody A. Mooney, Esq., Attorney ID# 325722
KING, SPRY, HERMAN, FREUND, & FAUL, LLC
One West Broad Street, Suite 700
Bethlehem, Pennsylvania 18018
jef@kingspry.com
*Attorneys for Defendants*

              */s/ Keith Altman*
              Keith Altman, Esq.