## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT WALSH,

                       Case No. 3:22-cv-01163-JFS

        *Plaintiff,*

v.

NORTHAMPTON COMMUNITY
COLLEGE, et al.,

        *Defendants.*

---

## PLAINTIFF'S RESPONSE TO DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT AND CROSSCLAIM

## INTRODUCTION

This is an action arising from Plaintiff's attendance at Northampton Community College where he experienced sexual harassment and discrimination. Plaintiff is seeking damages for Defendants' violation of the Fourteenth Amendment, Title IX of the Education Act Amendments Of 1972, Americans with Disabilities Act, 504 of the Rehabilitation Act of 1973, 29 U.S.C. §791, *et seq.* Defendants are also responsible for negligent infliction of emotional distress, intentional infliction of emotional distress, and breach of contract.

## PARTIES

1. Not contested.

2. Not contested.

3.   Not contested that Defendant Angeny is employed by Defendant NCC. With knowledge and belief Plaintiff states that Defendant Angeny acted as the Lead Title IX Coordinator.

4.   Not contested that Defendant Gates was an employee of Defendant NCC. Plaintiff affirms their position as stated in the Complaint.

5.   Plaintiff affirms their position as stated in the Amended Complaint.

## JURISDICTION & VENUE

6.   Plaintiff affirms their position as stated in the Amended Complaint. Plaintiff has laid a well pled complaint on which relief may be granted. The Third Circuit has held that a concrete injury has been pled when the complaint asserts "the very harm that Congress sought to prevent." *Susinno v. Work Out World, Inc.*, 862 F.3d 346, 351 (3d Cir. 2017). Here, plaintiff asserts that Defendants violated Title IX of the Education Amendments of 1972. Defendant Leslie Gates also caused Plaintiff to suffer severe emotional distress and experience debilitating symptoms caused by Plaintiff's pre-existing post-traumatic stress disorder, generalized anxiety disorder, and agoraphobia.

7.   Plaintiff affirms their position as stated in the Amended Complaint. Plaintiff has laid a well pled complaint on which relief may be granted.

8.   Not contested.

9.   Not contested that Defendant Angeny is employed by Defendant NCC. With knowledge and belief Plaintiff states that Defendant Angeny personally violated certain rights and policies, the effects of which were felt in Pennsylvania.

10.  Plaintiff affirms their position as stated in the Amended Complaint.

## FACTUAL ALLEGATIONS

11.  Plaintiff affirms their position as stated in the Amended Complaint.

12.  Plaintiff affirms their position as stated in the Amended Complaint.

13.  Plaintiff affirms their position as stated in the Amended Complaint.

14.  Plaintiff affirms their position as stated in the Amended Complaint.

15.  Plaintiff affirms their position as stated in the Amended Complaint.

16.  Plaintiff affirms their position as stated in the Amended Complaint.

17.  Plaintiff affirms their position as stated in the Amended Complaint.

18.  Plaintiff affirms their position as stated in the Amended Complaint.

19.  Plaintiff affirms their position as stated in the Amended Complaint.

20.  Plaintiff affirms their position as stated in the Amended Complaint.

21.  Plaintiff affirms their position as stated in the Amended Complaint.

22.  Plaintiff affirms their position as stated in the Amended Complaint.

23.  Plaintiff affirms their position as stated in the Amended Complaint.

24.  Not contested as to Plaintiff's status as a student at Defendant NCC. Further, Plaintiff affirms their position as stated in the Amended Complaint.

25. Not contested as to Plaintiff's status as a student at Defendant NCC. Further, Plaintiff affirms their position as stated in the Amended Complaint.

26. Not contested as to Plaintiff's status as a student at Defendant NCC. Further, Plaintiff affirms their position as stated in the Amended Complaint.

27. Plaintiff affirms their position as stated in the Amended Complaint.

28. Plaintiff affirms their position as stated in the Amended Complaint.

29. Not contested.

30. Not contested.

31. Plaintiff affirms their position as stated in the Amended Complaint.

32. Plaintiff affirms their position as stated in the Amended Complaint.

33. Plaintiff affirms their position as stated in the Amended Complaint.

34. Plaintiff affirms their position as stated in the Amended Complaint.

35. Not contested.

36. Plaintiff affirms their position as stated in the Amended Complaint.

37. Plaintiff affirms their position as stated in the Amended Complaint.

38. Not contested.

39. Plaintiff affirms their position as stated in the Amended Complaint.

40. Plaintiff affirms their position as stated in the Amended Complaint.

41. Plaintiff affirms their position as stated in the Amended Complaint.

42. Not contested.

43. Plaintiff affirms their position as stated in the Amended Complaint. Further, Plaintiff is without knowledge and/or information sufficient to forma belief as to the truth or falsity of Defendant NCC's actions taken against Defendant Gates.

44. Plaintiff affirms their position as stated in the Amended Complaint.

45. Plaintiff affirms their position as stated in the Amended Complaint.

46. Plaintiff affirms their position as stated in the Amended Complaint.

47. Plaintiff affirms their position as stated in the Amended Complaint.

48. Plaintiff affirms their position as stated in the Amended Complaint.

49. Plaintiff affirms their position as stated in the Amended Complaint.

50. Plaintiff affirms their position as stated in the Amended Complaint.

51. Plaintiff affirms their position as stated in the Amended Complaint.

52. Plaintiff affirms their position as stated in the Amended Complaint.

53. Plaintiff affirms their position as stated in the Amended Complaint.

54. Plaintiff affirms the position as stated in the Amended Complaint. Further, a Plaintiff's Amended Complaint is well pled, taking all of the facts in the light most favorable to the Plaintiff plead causes of action to which relief may be granted. The present case should move to discovery in which all supporting documentation of the claims shall be provided between the parties.

55. Plaintiff affirms their position as stated in the Amended Complaint. The supporting document is not contested.

56. Plaintiff affirms their position as stated in the Amended Complaint.

57. Not contested.

58. Plaintiff affirms their position as stated in the Amended Complaint.

## RESPONDENT SUPERIOR AND AGENCY

59. Plaintiff affirms their position as stated in the Amended Complaint.

60. Not contested that Defendant Angeny is employed by Defendant NCC. Plaintiff denies Defendant NCC's statement regarding their acts or omissions as alleged by Plaintiff. Plaintiff further affirms their position as stated in the Amended Complaint.

"An agent is one who consents to act on behalf of another and subject to the other's control." *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 996 n. 7 (6th Cir. 1997) see Restatement (Second) of Agency § 1 (1958). "An employee is generally considered an agent of his or her employer." *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1162 (11th Cir. 1993) see Restatement (Second) of Agency § 2. "Agent is a term that embraces but is more encompassing than employee." *Shager v. UpjohnCo.*, 913 F.2d 398, 404 (7th Cir. 1990). "All employees are agents, but not all agents are employees." *Id.*

Leslie Gates was an employee of Defendant Northampton Community College during the time that Plaintiff was enrolled as a student at Defendant Northampton Community College. Defendants Northampton Community College

and Karen Angeny cannot admit that Leslie Gates was an employee of Defendant Northampton Community College while simultaneously denying that he was an agent.

## V. CAUSES OF ACTION

### COUNT ONE – TITLE IX OF THE EDUCATION ACT AMENDMENTS OF 1972

61. Not contested.

62.  Plaintiff affirms their position as stated in the Amended Complaint.

63. Plaintiff affirms their position as stated in the Amended Complaint.

64. Not contested.

65. Not contested that Defendant Angeny is employed by Defendant NCC. With knowledge and belief Plaintiff states that Defendant Angeny acted as the Lead Title IX Coordinator.

66. Plaintiff affirms their position as stated in the Amended Complaint.

67. Plaintiff affirms their position as stated in the Amended Complaint.

68. Plaintiff affirms their position as stated in the Amended Complaint.

69. Plaintiff affirms their position as stated in the Amended Complaint.

70. Plaintiff affirms their position as stated in the Amended Complaint.

71. Plaintiff affirms their position as stated in the Amended Complaint.

72. Plaintiff affirms their position as stated in the Amended Complaint. Defendants did not conduct an adequate investigation and failed to protect Plaintiff

as required by law

73. Plaintiff affirms their position as stated in the Amended Complaint.

74. Plaintiff affirms their position as stated in the Amended Complaint.

WHEREFORE, Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim. However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d

Cir. 2001).

Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted. Also, it is clear from the face of the complaint that this Honorable court has subject matter jurisdiction over Plaintiff's Title IX claim because a federal question is part and parcel of Plaintiff's complaint. Also, this Honorable court has supplemental jurisdiction over Plaintiff's state law claims because they arise from the same transaction or occurrence as the federal question claims. 28 U.S.C. § 1367. Plaintiff's other federal claims set forth in the complaint also arise under federal law.

Plaintiff respectfully requests that this court allow the case to proceed to discovery and set a scheduling order with a date for trial.

## COUNT TWO – AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. SECTION 12101)

75. Not contested.

76. Plaintiff affirms their position as stated in the Amended Complaint.

77. Plaintiff affirms their position as stated in the Amended Complaint.

78. Plaintiff affirms their position as stated in the Amended Complaint.

79. Plaintiff affirms their position as stated in the Amended Complaint.

80. Plaintiff affirms their position as stated in the Amended Complaint.

81. Plaintiff affirms their position as stated in the Amended Complaint.

82. Plaintiff affirms their position as stated in the Amended Complaint.

83. Plaintiff affirms their position as stated in the Amended Complaint.

84. Plaintiff affirms their position as stated in the Amended Complaint.

85. Plaintiff affirms their position as stated in the Amended Complaint.

86. Plaintiff affirms their position as stated in the Amended Complaint.

87. Plaintiff affirms their position as stated in the Amended Complaint.

WHEREFORE, Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim. However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent

with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2001).

Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted. Also, it is clear from the face of the complaint that this Honorable court has subject matter jurisdiction over Plaintiff's Title IX claim because a federal question is part and parcel of Plaintiff's complaint. Also, this Honorable court has supplemental jurisdiction over Plaintiff's state law claims because they arise from the same transaction or occurrence as the federal question claims. 28 U.S.C. § 1367. Plaintiff's other federal claims set forth in the complaint also arise under federal law.

Plaintiff respectfully requests that this court allow the case to proceed to discovery and set a scheduling order with a date for trial.

## COUNT THREE – SECTION 504 OF THE REHABILITATION ACT OF 1973

88. Not contested.

89. Plaintiff affirms their position as stated in the Amended Complaint.

90. Plaintiff affirms their position as stated in the Amended Complaint.

91. Plaintiff affirms their position as stated in the Amended Complaint.

92. Plaintiff affirms their position as stated in the Amended Complaint.

93. Plaintiff affirms their position as stated in the Amended Complaint.

94. Plaintiff affirms their position as stated in the Amended Complaint.

95. Plaintiff affirms their position as stated in the Amended Complaint.

96. Plaintiff affirms their position as stated in the Amended Complaint.

97. Plaintiff affirms their position as stated in the Amended Complaint.

WHEREFORE, Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim. However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person

will ultimately prevail." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2001).

Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted. Also, it is clear from the face of the complaint that this Honorable court has subject matter jurisdiction over Plaintiff's Title IX claim because a federal question is part and parcel of Plaintiff's complaint. Also, this Honorable court has supplemental jurisdiction over Plaintiff's state law claims because they arise from the same transaction or occurrence as the federal question claims. 28 U.S.C. § 1367. Plaintiff's other federal claims set forth in the complaint also arise under federal law.

Plaintiff respectfully requests that this court allow the case to proceed to discovery and set a scheduling order with a date for trial.

## COUNT FOUR – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

98.   Not contested.

99.   Plaintiff affirms their position as stated in the Amended Complaint.

100.  Plaintiff affirms their position as stated in the Amended Complaint.

101.  Plaintiff affirms their position as stated in the Amended Complaint.

102.  Plaintiff affirms their position as stated in the Amended Complaint.

103.  Plaintiff affirms their position as stated in the Amended Complaint.

104.  Plaintiff affirms their position as stated in the Amended Complaint.

105.  Plaintiff affirms their position as stated in the Amended Complaint.

WHEREFORE, Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim. However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2001).

Defendants have not established that Plaintiff has failed to state a claim upon

which relief can be granted. Also, it is clear from the face of the complaint that this Honorable court has subject matter jurisdiction over Plaintiff's Title IX claim because a federal question is part and parcel of Plaintiff's complaint. Also, this Honorable court has supplemental jurisdiction over Plaintiff's state law claims because they arise from the same transaction or occurrence as the federal question claims. 28 U.S.C. § 1367. Plaintiff's other federal claims set forth in the complaint also arise under federal law.

Plaintiff respectfully requests that this court allow the case to proceed to discovery and set a scheduling order with a date for trial.

## <u>COUNT FIVE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

106.  Not contested

107.  Plaintiff affirms their position as stated in the Amended Complaint.

108.  Plaintiff affirms their position as stated in the Amended Complaint.

109.  Plaintiff affirms their position as stated in the Amended Complaint.

110.  Plaintiff affirms their position as stated in the Amended Complaint.

111.  Plaintiff affirms their position as stated in the Amended Compliant.

112.  Plaintiff affirms their position as stated in the Amended Complaint.

113.  Plaintiff affirms their position as stated in the Amended Complaint.

WHEREFORE, Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim.

However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2001).

Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted. Also, it is clear from the face of the complaint that this Honorable court has subject matter jurisdiction over Plaintiff's Title IX claim because a federal question is part and parcel of Plaintiff's complaint. Also, this

16

Honorable court has supplemental jurisdiction over Plaintiff's state law claims because they arise from the same transaction or occurrence as the federal question claims. 28 U.S.C. § 1367. Plaintiff's other federal claims set forth in the complaint also arise under federal law.

Plaintiff respectfully requests that this court allow the case to proceed to discovery and set a scheduling order with a date for trial.

## COUNT SIX – BREACH OF CONTRACT

114.  Not contested.

115.  Plaintiff affirms their position as stated in the Amended Complaint.

116.  Plaintiff affirms their position as stated in the Amended Complaint.

117.  Plaintiff affirms their position as stated in the Amended Complaint.

118.  Denied.  Plaintiff affirms their position as stated in the Amended Complaint.

119.  Plaintiff affirms their position as stated in the Amended Complaint.

120.  Plaintiff affirms their position as stated in the Amended Complaint.

121.  Plaintiff affirms their position as stated in the Amended Complaint.

122.  Plaintiff affirms their position as stated in the Amended Complaint.

123.  Plaintiff affirms their position as stated in the Amended Complaint.

124.  Plaintiff affirms their position as stated in the Amended Complaint.

125.  Plaintiff affirms their position as stated in the Amended Complaint. Further, Defendants have access to their own policies and procedures, denied as to

Defendants statements regarding their business records.

126.  Plaintiff affirms their position as stated in the Amended Complaint.

127.  Plaintiff affirms their position as stated in the Amended Complaint.

128.  Plaintiff affirms their position as stated in the Amended Complaint.

WHEREFORE, Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim. However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person

will ultimately prevail." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2001).

Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted. Also, it is clear from the face of the complaint that this Honorable court has subject matter jurisdiction over Plaintiff's Title IX claim because a federal question is part and parcel of Plaintiff's complaint. Also, this Honorable court has supplemental jurisdiction over Plaintiff's state law claims because they arise from the same transaction or occurrence as the federal question claims. 28 U.S.C. § 1367. Plaintiff's other federal claims set forth in the complaint also arise under federal law.

Plaintiff respectfully requests that this court allow the case to proceed to discovery and set a scheduling order with a date for trial.

## **ANSWERING DEFENDANTS' AFFIRMATIVE DEFENSES**

129.  Not contested.

130.  Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim. However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable

to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Semerenko v. Cendant Corp*., 223 F.3d 165, 173 (3d Cir. 2001). Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted as to Count One.

131.  Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim. However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d

1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Semerenko v. Cendant Corp*., 223 F.3d 165, 173 (3d Cir. 2001). Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted as to Count Two.

132.   Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim. However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Semerenko v. Cendant Corp*., 223 F.3d 165, 173 (3d Cir. 2001). Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted as to Count Three.

133. Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim. However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2001). Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted as to Count Four.

134. Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim. However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Semerenko v. Cendant Corp*., 223 F.3d 165, 173 (3d Cir. 2001). Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted as to Count Five.

135.  Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim. However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded

allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Semerenko v. Cendant Corp*., 223 F.3d 165, 173 (3d Cir. 2001). Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted as to Count Six.

136.   Defendants Northampton Community College and Karen Angeny deny that Defendant Leslie Gates was an agent of Northampton Community College during the entire time Plaintiff was a student at Northampton Community College. Courts "look to the common law of agency" to determine whether an individual acted as the employer's agent." *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 996 n.7 (6th Cir. 1997); *Meritor Sav. Bank v. Vinson*, 477 U.S. 57 (1986). "An agent is one who consents to act on behalf of another and subject to the other's control." *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 996 n. 7 (6th Cir. 1997) *see* Restatement (Second) of Agency § 1 (1958). "An employee is generally considered an agent of his or her employer." *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1162 (11th Cir. 1993) *see* Restatement (Second) of Agency § 2. "Agent is a term that embraces but is more encompassing than employee." *Shager v. UpjohnCo.*,

913 F.2d 398, 404 (7th Cir. 1990). "All employees are agents, but not all agents are employees." *Id*. Leslie Gates was an employee of Defendant Northampton Community College during the time that Plaintiff was enrolled as a student at Defendant Northampton Community College. Defendants Northampton Community College and Karen Angeny cannot admit that Leslie Gates was an employee of Defendant Northampton Community College while simultaneously denying that he was an agent. The contradiction needs to be addressed, and Plaintiff requests that the court recognize that Defendant Leslie Gates was an agent of Defendant Northampton Community College while Plaintiff was enrolled as a student at Defendant Northampton Community College.

137.  The statute of limitations under Title IX and § 1983 is two years. *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015); *Bougher v. Univ. of Pitt.*, 882 F.2d 74, 77-78 (3d Cir. 1989). Plaintiff's claim accrued, and the statute of limitations began to run, "when she knew or should have known of the injury upon which her action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (quoting *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998)). Plaintiff filed his claim within the statute of limitations period.

138.  The immunity of States from suit in federal courts is a fundamental aspect of state sovereignty. *Northern Ins. Co. v. Chatham County*, 547 U.S. 189, 193 (2006). Defendant Northampton Community College is not immune from suit on the

federal claims asserted in Plaintiff's complaint.

139.   The immunity of States from suit in federal courts is a fundamental aspect of state sovereignty. *Northern Ins. Co. v. Chatham County*, 547 U.S. 189, 193 (2006). Defendant Northampton Community College is not immune from suit on the federal claims asserted in Plaintiff's complaint.

140.   Plaintiff's claims are not barred by the Doctrine of Laches. Defendants were put on notice of the potential lawsuit when Plaintiff brought forth a Title IX claim.

141.   Plaintiff's claims are not barred by the Doctrine of Failure of Consideration. The parties executed a contract in which Plaintiff provided consideration to Defendant NCC in exchange for educational services. It was executed and acted upon.

142.   Plaintiff's claims are not barred by the Doctrine of the Statue of Frauds. Educational contracts were executed and consideration exchanged hands.

143.   Plaintiff's claims are not barred by the Doctrine of Wavier. No such waiver has occurred.

144.   Plaintiff's claims are not barred by the Doctrine of Fraud. No fraud was committed by the Plaintiff, nor do Defendants claim fraud by the Plaintiff.

145.   Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim. However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the

Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2001). This Honorable Court has personal jurisdiction over the Defendants. Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted.

146. Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim. However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the

Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Semerenko v. Cendant Corp*., 223 F.3d 165, 173 (3d Cir. 2001). This Honorable Court has subject matter jurisdiction over the present claims. Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted.

147.   Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim. However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the

Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2001). This Honorable Court has supplemental jurisdiction over Plaintiff's claims. Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted.

148.  Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim. However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the

Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2001). Defendants have not moved the court for dismissal under Fed. R. Civ. P. 12(b)(6). Further, Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted.

149.  Plaintiff's claim accrued, and the statute of limitations began to run, "when she knew or should have known of the injury upon which her action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (quoting *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998)). Plaintiff filed his Title IX claim

within the statute of limitations period. Plaintiff did not know the full scope of his injuries until after he withdrew from Northampton Community College. Further, Defendants acted upon Plaintiff's claims after Plaintiff withdrew from Defendant NCC, making Defendant's affirmative defense void.

150. Defendant received funding on the behalf of Plaintiff for Plaintiff's education. Plaintiff was required to take out the funding and apply it to Defendant NCC to obtain his education. Defendant's affirmative defense regarding funding on behalf of Plaintiff is ill placed.

151. Not contested.

152. Not contested.

153. Defendants misconstrue Plaintiff's medical examination. Plaintiff did not commit fraud when he answered the medical examination. Plaintiff stated that he was not taking medication as he did not consistently take it, but only when needed. Plaintiff was not currently taking the medication. Plaintiff clearly and affirmatively responded in the questionnaire that he was prescribed medication for anxiety. Further in the evaluation the physician stated that Plaintiff takes Xanax occasionally. The physician cleared Plaintiff as he met the standards in 49 CFR 391.41 for a 2-year certificate.

154. Not contested.

155. The physician cleared Plaintiff as he met the standards in 49 CFR 391.41

for a 2-year certificate.

156.  Not contested.

157.  Plaintiff completed a CDL Program questionnaire that provided that he was capable to complete the CDL program and operate in a career in the CDL field.. Plaintiff's prior conditions were not an impediment to the completion of the CDL course and a successful career in the CDL field absent the discriminatory treatment Plaintiff faced at Defendant NCC.

158.  Plaintiff affirms their position as stated in the Amended Complaint. Further, the physician cleared Plaintiff as he met the standards in 49 CFR 391.41 for a 2-year certificate.

159.  Plaintiff filled out the patient for listing mental conditions. The form is not all encompassing and does not fully address what was discussed with the physician.

160. Defendants seek to stigmatize Plaintiff's conditions for their benefit. Plaintiff was able to adequately complete his education but for Defendants conduct.

161. Defendants seek to stigmatize Plaintiff's conditions for their benefit. Plaintiff was able to adequately complete his education but for Defendants conduct.

162. Defendants seek to stigmatize Plaintiff's conditions for their benefit. Plaintiff was able to adequately complete his education but for Defendants conduct.

163. Defendants seek to stigmatize Plaintiff's conditions for their benefit. Plaintiff was able to adequately complete his education but for Defendants conduct.

164.  Plaintiff filled out the patient for listing mental conditions. The form is not all encompassing and does not fully address what was discussed with the physician.

165.  Not contested.

166.  Defendants seek to stigmatize Plaintiff's conditions for their benefit. Plaintiff's lungs and chest can be clear while still having asthma.

167.  Not contested.

168.  Defendants misconstrue Plaintiff's medical examination. Plaintiff did not commit fraud when he answered the medical examination. Plaintiff stated that he was not taking medication as he did not consistently take it, but only when needed. Plaintiff was not currently taking the medication. Plaintiff clearly and affirmatively responded in the questionnaire that he was prescribed medication for anxiety. Further in the evaluation the physician stated that Plaintiff takes Xanax occasionally. The physician cleared Plaintiff as he met the standards in 49 CFR 391.41 for a 2-year certificate.

169.  Defendants misconstrue Plaintiff's medical examination. Plaintiff did not commit fraud when he answered the medical examination. Plaintiff stated that he was not taking medication as he did not consistently take it, but only when needed. Plaintiff was not currently taking the medication. Plaintiff clearly and affirmatively responded in the questionnaire that he was prescribed medication for anxiety. Further in the evaluation the physician stated that Plaintiff takes Xanax occasionally.

The physician cleared Plaintiff as he met the standards in 49 CFR 391.41 for a 2-year certificate. No intentionally false information was provided.

170. Denied. Defendants were put on notice regarding Plaintiff's claims when Plaintiff filed a Title IX claim seeking recourse for Defendants' illegal actions.

171. Denied. Defendants did act with "deliberate indifference".

172. Not contested.

173. Not contested.

174. Not contested.

175. Not contested.

176. Not contested.

177. Denied. Plaintiff provided significant detail of the allegations through multiple platforms to Defendants.

178. Denied. Plaintiff provided significant detail of the allegations through multiple platforms to Defendants.

179. Not contested.

180. Not contested.

181. Denied. Defendants acted with deliberate indifference as to the actions of Defendant Gates while he was employed with Defendant NCC. Defendant Gates actions were so egregious, outwardly hostile and discriminatory that Defendant NCC would have had to turn a blind eye to the occurrences on Defendant NCC's campus.

Defendant NCC was deliberately indifferent to the actions of Defendant Gates and only chose to act when forced through a Title IX complaint.

182.  Plaintiff is without knowledge and or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 182.

183.  Not contested.

184.  Denied as to the requirement that Plaintiff must file an appeal within Defendant NCC prior the filing of this case.

185.  Not contested.

186.  Not contested as to the existence of the communication. Plaintiff denies that Defendant NCC adequately handled Plaintiff's complaints.

187.  Not contested as to the existence of the communication. Plaintiff denies that Defendant NCC adequately handled Plaintiff's complaints.

188.  Plaintiff did not file an ADA claim with Defendant NCC, nor was Plaintiff required to. Defendant was put on notice of Plaintiff's qualified disability under the ADA.

189.  Denied. Defendants were put on notice of Plaintiff's qualified disability under the ADA.

190.  Denied.

191.  Denied.

192.  Plaintiff is without knowledge and/or information sufficient to form a belief

as to the truth or falsity of the statements contained in paragraph 192.

193.  Plaintiff is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 193.

194.  Plaintiff is without knowledge and/or information sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 194.

195. Denied. Plaintiff withdrew the Defendant NCC at the end of July 2020 filing his Title IX claim in August 2020. Plaintiff filed the present case on July 27, 2022 within the statue of limitations.

196.  Plaintiff affirms their position as stated in the Amended Complaint.

197.  Not contested.

198.  Denied. Plaintiff withdrew the Defendant NCC at the end of July 2020 filing his Title IX claim in August 2020. Plaintiff filed the present case on July 27, 2022 within the statute of limitations.

199.  Not contested.

200.  Not contested.

201. Admit as to the dates of filing and the date of a single occurrence. Defendants' actions against Plaintiff were not contained to a single occurrence but continued throughout the duration of Plaintiff's education at Defendant NCC. The occurrences did not cease until Plaintiff was no longer at Defendant NCC.

202. Admit as to the dates of filing and the date of a single occurrence.

Defendants' actions against Plaintiff were not contained to a single occurrence but continued throughout the duration of Plaintiff's education at Defendant NCC. The occurrences did not cease until Plaintiff was no longer at Defendant NCC.

203. Admit as to the dates of filing and the date of a single occurrence. Defendants' actions against Plaintiff were not contained to a single occurrence but continued throughout the duration of Plaintiff's education at Defendant NCC. The occurrences did not cease until Plaintiff was no longer at Defendant NCC. Further, Plaintiff was not required to filed under the EEOC prior to bringing the present lawsuit.

204. Denied.

205. Denied.

206. Not contested. Plaintiff is not required to provide a copy of the agreement with a copy of the complaint. Supporting should be provided throughout the discovery phase of litigation.

207. Not contested. Plaintiff is not required to provide a copy of the agreement with a copy of the complaint. Supporting should be provided throughout the discovery phase of litigation.

208. Denied.

WHEREFORE, Plaintiff's claims are ripe for relief. Defendants did not file a motion to dismiss the Amended Complaint but filed an Answer with a Crossclaim.

However, since Defendants have improperly attempted to utilize the Answer as a motion to dismiss Plaintiff provides that on a motion to dismiss for failure to state a claim, the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Here, plaintiff assets well-pleaded allegations in its amended complaint. The violation of Title IX of the Education Amendments of 1972 arises under federal law. Plaintiff suffered sex-based discrimination while enrolled as a student at Northampton Community College. "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2001).

Defendants have not established that Plaintiff has failed to state a claim upon which relief can be granted. Also, it is clear from the face of the complaint that this Honorable court has subject matter jurisdiction over Plaintiff's Title IX claim because a federal question is part and parcel of Plaintiff's complaint. Also, this

Honorable court has supplemental jurisdiction over Plaintiff's state law claims because they arise from the same transaction or occurrence as the federal question claims. 28 U.S.C. § 1367. Plaintiff's other federal claims set forth in the complaint also arise under federal law.

Plaintiff respectfully requests that this court allow the case to proceed to discovery and set a scheduling order with a date for trial.

## CROSSCLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 13(g)

1. Not contested.

2. Denied, Defendant Gates acted within his employment with Defendant NCC.

3. Denied, Defendant Gates acted within his employment with Defendant NCC.

4. Denied, Defendant Gates acted without his employment with Defendant NCC.

Date: December 22, 2022                    Respectfully Submitted,

Keith Altman, Esq. (*pro hac vice*)
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334

Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

Conrad Benedetto, Bar ID 34666
BENEDETTO LEGAL ASSOCIATES
1615 South Broad Street
Philadelphia, Pennsylvania 19148
Telephone: (215) 389-1900
benedettolegalassociates@gmail.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

ROBERT WALSH,

Case No. 3:22-cv-01163-JFS

*Plaintiff,*

v.

NORTHAMPTON COMMUNITY
COLLEGE, et al.,

*Defendants.*

---

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document

has been electronically filed and is available for viewing and downloading from

the ECF system in accordance with the local Federal Rules of Civil Procedure

and has been served electronically upon the following on this the 22nd day of

December 2022.

John E. Freund, III, Esq., Attorney ID # 25390
Jody A. Mooney, Esq., Attorney ID# 325722
KING, SPRY, HERMAN, FREUND, & FAUL, LLC
One West Broad Street, Suite 700
Bethlehem, Pennsylvania 18018
jef@kingspry.com
*Attorneys for Defendants*

*/s/ Keith Altman*
Keith Altman, Esq.