UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WALSH,<br><br>      *Plaintiff,*<br>v.<br><br>NORTHAMPTON COMMUNITY COLLEGE, KAREN ANGENY (in her capacity as Interim Title IX Coordinator), LESLIE GATES (individually and in his capacity as Instructor for Northampton Community College), and DOES 1-20, inclusive,<br><br>      *Defendants.* | Case No. 3:22-cv-01163-JFS |

**MEMORANDUM IN SUPPORT OF MOTION FOR**
**DEFAULT JUDGMENTAGAINST DEFENDANT LESLIE GATES**

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT .................................................................................................................... 2

   A. This Court has Jurisdiction to Enter Default Judgment Against the Defendant Leslie Gates ............................................................................................................................ 2

   B. Plaintiff Is Entitled to a Default Judgment Against Defendant Leslie Gates ............. 4

      1. The Clerk Properly Entered Default as to the Defendant ....................................... 4

      2. Factual Allegations Establish Defaulting Defendants' Liability ............................ 4

      3. The Damages are Supported by the Claims ........................................................... 8

      4. Plaintiff is Entitled to a Damage Award ................................................................ 8

IV. CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Brezenski v. World Truck Transfer, Inc.*, 2000 PA Super 175, 755 A.2d 36, 40, 2000 WL 778226, at *9 (Pa. Super. 2000) ................................................................................. 5

*Brown v. Phila. Coll. of Osteopathic Med.*, 2000 PA Super 262, ¶ 14, 760 A.2d 863, 868 . ............................................................................................................................................ 5

*Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ......................................... 5

*Doggie Dental, Inc. v AVANTDIGITAL,* No. 21-cv-271 (W.D. Pa., February 23, 2022). 13

*Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) ............................................. 3, 4

*IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3rd Cir.1998) .............................. 3

*Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ................................................ 3

*Martin v. Evans*, 551 Pa. 496, 502, 711 A.2d 458, 461 (1998) ........................................... 5

*Murray v. Bridgeport Hosp.*, 40 Conn. Supp. 56, 62, 480 A.2d 610 (1984) ...................... 7

*Odilla Mutaka Mwani v. Osama Bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005) ..................... 3

*Pair Networks, Inc. v. Lim Cheng Soon*, 2013 WL 452565, *1 (W.D. Pa., February 6, 2013) .................................................................................................................................... 4

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62, L. Ed. 2d 490 (1980) ....................................................................................................................... 3

**Statutes**

28 U.S.C. §1331 .................................................................................................................... 2

28 U.S.C. §1367 .................................................................................................................... 2

42 P. A. Cons. Stat. § 5322 ................................................................................................ 3

**Rules**

Fed. R. Civ. P. 4 ............................................................................................................... 2

Fed. R. Civ. P. 55 (b)(2) .............................................................................................. 1, 2

Fed. R. Civ. P. 55(a) ........................................................................................................ 4

Plaintiffs submit this Memorandum in Support of its Motion for Default Judgment pursuant to Fed. R. Civ. P. 55 (b)(2) seeking entry of Judgment against the defaulting Defendant Leslie Gates ("Gates") as to Count IV for negligent infliction of emotional distress and Count V for intentional infliction of emotional distress.

## I. INTRODUCTION

Plaintiff is before this Court seeking relief from the tireless efforts of Defendant Gates to harass Plaintiff and violate his rights. Defendant Gates was an employee of Defendant Northampton Community College during the time that Plaintiff was enrolled as a student at Defendant Northampton Community College.

Defendant Leslie Gates's conduct had a profound effect on Plaintiff, and the discriminatory treatment, verbal abuse, and derogatory conduct exhibited by Defendant Leslie Gates forced Plaintiff out of his studies.

The conduct of Defendant Leslie Gates caused Plaintiff to suffer severe symptoms associated with his generalized anxiety disorder and post-traumatic stress disorder. As a result of Defendant Leslie Gates' consistent sexual and verbal harassment, the Plaintiff was forced out of his studies from Northampton Community College in July 2020. Plaintiff suffered economic and non-economic damages due to the treatment he endured as a student at Northampton Community College and at the hands of Defendant Gates. Plaintiff also lost time and resources he could have used seeking an education at a different educational institution. Defendant Gates has defaulted and failed to cooperate in litigating the current lawsuit. It remains for the Court to consider the unrefuted facts and the supporting law and render a judgment.

Defendant Gates has been properly served pursuant to Fed. R. Civ. P. 4 and is aware of this action, but nevertheless chose not to respond. The Clerk has entered default. Plaintiff filed a Motion with this Court under Fed. R. Civ. P. 55(b)(2) for a default judgment against Defendant Gates for negligent infliction of emotional distress (Count IV) and intentional infliction of emotional distress (Count V) after Defendant harassed Plaintiff and violated his rights while Plaintiff was a student at Northampton Community College. The abuse was so severe, outrageous and consistent that Plaintiff has filed claims against Northampton for violations of Title IX, ADA and 504 of the Rehabilitation Act in conjunction with the present claims against Defendant Gates individually.

There are no issues of fact remaining in this suit as to Defendant Gates. Defendant Gates has purposefully failed to appear and provide a response to the present lawsuit. As such, all of Plaintiff's claims are admitted as true and a default judgment should be entered against Defendants providing for a damage award of $300,000.00 against Defendant Gates, plus interest, a post-judgment asset restraining order, and an order authorizing the release and transfer of Defendants' assets, in whole or in part, awarded to Plaintiff.

## II.     ARGUMENT

### A.     This Court has Jurisdiction to Enter Default Judgment Against the Defendant Leslie Gates

This Court has jurisdiction to grant Plaintiff's motion and enter default judgment against Defendant because the Court has subject matter jurisdiction over this action as well as personal jurisdiction over the Defendant. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

2

Entry of default judgment is not a matter of right that flows automatically from a defendant's failure to respond to the complaint, *Odilla Mutaka Mwani v. Osama Bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005). The entry of a default is rather a matter of the court's discretion. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. *Lampe v. Xouth, Inc*., 952 F.2d 697, 700-01 (3d Cir. 1991). Effective service of process is therefore a prerequisite to proceeding further in a case. *Id.*

Personal jurisdiction may be established either by specific or general jurisdiction. 42 P. A. Cons. Stat. § 5322. Specific jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant "should reasonably anticipate being hauled into court" in that forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62, L. Ed. 2d 490 (1980).

The factors to consider when establishing specific jurisdiction are: "(1) the extent to which defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the Plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3rd Cir.1998). Defendants satisfy each of the factors to establish specific personal jurisdiction.

Likewise, Venue in this action is properly in the Middle District Court of

Pennsylvania because the events relevant to this action occurred primarily within the geographical confines of the Middle District of Pennsylvania.

First, Defendant Leslie Gates availed himself to a lawsuit in Pennsylvania and this Judicial District. Defendant is a resident of the State of Pennsylvania and was employed with Defendant Northampton Community College. Defendant Gate's actions while employment with Northampton Community College give rise to Plaintiff's complaint.

This Court exercises jurisdiction over Defendant.

### B. Plaintiff Is Entitled to a Default Judgment Against Defendant Leslie Gates

#### 1. The Clerk Properly Entered Default as to the Defendant

The Clerk of this Court enters a default "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Clerk entered default against Defendants because, as the docket reflects, the time for filing a responsive pleading expired.

#### 2. Factual Allegations Establish Defaulting Defendants' Liability

By failing to appear and defend against the Complaint, the Defaulting Defendant is deemed to have admitted every allegation therein, and the Court must only determine whether Plaintiff's Complaint properly states a claim for relief. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984); *Pair Networks, Inc. v. Lim Cheng Soon*, 2013 WL 452565, *1 (W.D. Pa., February 6, 2013). Upon entry of default against a defendant,

the "well-pleaded" facts alleged in the complaint (except those relating to damages) must be taken as true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Plaintiff now moves this Court for a default judgment finding that the Defaulting Defendant is liable on Plaintiff's Complaint for both negligent infliction of emotional distress (Count IV) and intentional infliction of emotional distress (Count V).

In order to recover under negligence and negligent infliction of emotional distress -- they must prove the elements of a cause of action for negligence, i.e., "that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage." *Martin v. Evans*, 551 Pa. 496, 502, 711 A.2d 458, 461 (1998); *Brezenski v. World Truck Transfer, Inc.*, 2000 PA Super 175, 755 A.2d 36, 40, 2000 WL 778226, at *9 (Pa. Super. 2000). Absent a finding of negligence, the negligent infliction of emotional distress claim cannot survive. *Brown v. Phila. Coll. of Osteopathic Med.*, 2000 PA Super 262, ¶ 14, 760 A.2d 863, 868.

In this case, Plaintiff was a student at Northampton Community College. Plaintiff suffered from Post-Traumatic Stress Disorder ("PTSD"), major depressive disorder, generalized anxiety disorder and asthma. Northampton was made aware of Plaintiff's conditions while enrolled at Northampton. On July 24, 2020, Plaintiff began the driving portion of his instruction with Defendant Gates. 39. Defendant Gates exhibited numerous inappropriate behaviors throughout the teaching of the course, including but not limited to: unwelcome sexual and gender-based verbal, written, and physical conduct; sexualized language and/or jokes, such as comparing the truck's driving stick to male

5

genitalia; comments or statements that were demeaning, humiliating, suggestive, insulting, vulgar, crude, and/or lewd; often smoking cigarettes near Plaintiff and other students, as well as smoking in the cab of the trucks with Plaintiff and other students present while the windows were closed; offering to smoke cigarettes with Plaintiff; and making inferences that if Plaintiff did not condone his smoking, he would retaliate against Plaintiff by lowering his grade.

Due to Plaintiff's asthma, he was not to be around secondhand smoke. Defendant Gates was aware of this as Plaintiff has provided a doctor's note to this affect to Northampton. Defendant Gates continued to harass Plaintiff. Defendant Gates specifically told Plaintiff not to report his smoking.

Defendants failed to install proper restroom facilities and required students to relieve themselves outside of a building only partially obscured from view. Due to Plaintiff's anxiety, he required frequent restroom trips. Defendant Gates ridiculed plaintiff because he did not urinate outside and had frequent need to urinate. During the driving course, Defendant Gates told Plaintiff he had to urinate next to the truck or "be a pussy" and drive to a convenience store. Defendant Gates told Plaintiff that if he ever needed to defecate, he would also have to walk or drive to the one of the bathrooms located further away.

Defendants' actions caused Plaintiff to suffer severe emotional damage. A significant increase in Plaintiff's anxiety and PTSD resulted from Defendant Gates' actions. The emotional damage was so severe that Plaintiff withdrew from the program.

The elements of intentional infliction of emotional distress are well-established. "It

6

must be shown: 1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct, 2) that the conduct was extreme and outrageous, 3) that the defendant's conduct was the cause of the plaintiff's distress, and 4) that the emotional distress sustained by the plaintiff was severe." *Murray v. Bridgeport Hosp.*, 40 Conn. Supp. 56, 62, 480 A.2d 610 (1984).

As an instructor with Northampton, Defendant Gates owed Plaintiff, his student, a reasonable duty of care. Plaintiff maintained the right to be free from unwarranted harassment and abuse. Defendant Gate's actions breached his duty of care owed to Plaintiff. As a direct and proximate result of Defendant Gate's actions Plaintiff suffered severe emotional distress. Defendant Gate's actions were made with knowing disregard for Plaintiff's well-being, these actions were extreme and outrageous and should have never occurred to a student under his purview.

The well-pled factual allegations of Plaintiff's Amended Complaint properly allege the elements for each of the above claims. Moreover, the factual allegations in Plaintiff's Amended Complaint, substantiated by the evidence submitted conclusively establish the Defaulting Defendants' liability asserted in the Complaint. Defendant Gate's liability can be further demonstrated from the Crossclaim filed by Defendant Northampton against Defendant Gates for his outrageous actions against Plaintiff.

Accordingly, a Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure as to liability should be entered against the Defaulting Defendant.

### 3. The Damages are Supported by the Claims

A Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure considering the evidence for damages, as discussed below, should be entered against the Defaulting Defendant.

### 4. Plaintiff is Entitled to a Damage Award

This lawsuit, as to Defendant Gates, is for intentional infliction of emotional distress and negligent infliction of emotional distress damages. Plaintiff is seeking an award of $300,000.00 against Defendant Gates for his intentional, outrageous actions that have caused direct harm to Plaintiff.

In this case, Plaintiff has proven on the pleadings each of the elements required to recover against Defendant Gates.

Defendant Gates has purposely failed to answer Plaintiff's complaint, as such Defendant Gates not contested or put forth any evidence to contradict the Plaintiff's damages case as to the intentional infliction of emotional distress or negligent infliction of emotional distress.

Our Courts in this district and this Court have relied, in part, on admissions made though failure to answer in awarding damages against defendants in prior cases. *Doggie Dental, Inc. v AVANTDIGITAL,* No. 21-cv-271 (W.D. Pa., February 23, 2022). It is submitted that the award sought in this case would achieve the purposes of punishment and deterrence from future conduct of Defendant Gates. This Court has recognized the importance of these points in its prior damage awards. *See id.* Such an award serves the

public interest in deterring the misconduct and lessening the likelihood of future misconduct of this nature.

In short, since Plaintiff has proven the vast emotional damage that has been done at the hands of Defendant Gates, the total amount of damages sought having been supported by the fact and the law, the total damages awarded against Defendant Gates should be $300,000.00.

## IV. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant their Motion for Default Judgment; enter judgment against Defendant for negligent infliction of emotional distress and intentional infliction of emotional distress; and grant such further relief as this Court deems appropriate.

Date: May 2, 2023

Respectfully Submitted,

*/s/ Keith Altman*
Keith Altman, Esq. (*pro hac vice*)
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

Conrad Benedetto, Bar ID 34666
BENEDETTO LEGAL ASSOCIATES
1615 South Broad Street
Philadelphia, Pennsylvania 19148
Telephone: (215) 389-1900
benedettolegalassociates@gmail.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of Plaintiff's Memorandum in Support of its Motion for Default Judgment has been electronically filed and is available for viewing and downloading from the ECF system in accordance with the local Federal Rules of Civil Procedure and has been served electronically upon the following on this the 2nd day of May 2023.

> John E. Freund, III, Esq., Attorney ID # 25390
> Jody A. Mooney, Esq., Attorney ID# 325722
> KING, SPRY, HERMAN, FREUND, & FAUL, LLC
> One West Broad Street, Suite 700
> Bethlehem, Pennsylvania 18018
> jef@kingspry.com
> *Attorneys for Defendants*

I further certify that on May 2, 2023, I caused a true and correct copy of Plaintiff's Memorandum in Support of its Motion for Default Judgment to be mailed via U.S. First Class Mail, postage paid, to the following:

> Mr. Leslie Gates
> 334 Hallet Road
> East Stroudsburg, PA 18301
> *Pro Se Defendant*

Dated: May 2, 2023

>> /s/ Keith Altman
>> Keith Altman, Esq. (*pro hac vice*)
>> LAW OFFICE OF KEITH ALTMAN
>> 33228 West 12 Mile Road, Suite 375
>> Farmington Hills, Michigan 48334
>> Telephone: (248) 987-8929
>> keithaltman@kaltmanlaw.com

                Conrad Benedetto, Bar ID 34666
BENEDETTO LEGAL ASSOCIATES
1615 South Broad Street
Philadelphia, Pennsylvania 19148
Telephone: (215) 389-1900
benedettolegalassociates@gmail.com

*Attorneys for Plaintiff*